## In re Jose Dario DIAZ-RUACHO, Respondent

File A70 742 438 - Los Angeles

*Decided November 15, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who fails to post the voluntary departure bond required by section 240B(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b)(3) (2000), is not subject to penalties for failure to depart within the time period specified for voluntary departure.

FOR RESPONDENT:  Jeremy R. Frost, Esquire, Los Angeles, California

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Christie Woo-Thibodeaux, Assistant Chief Counsel

BEFORE:  Board Panel: HURWITZ, Acting Vice Chairman; HOLMES and GRANT, Board Members.

GRANT, Board Member:

The respondent seeks reopening of his removal proceedings for further consideration of his application for cancellation of removal under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2000). The issue presented in this case is whether an alien who fails to post the voluntary departure bond required by section 240B(b)(3) of the Act, 8 U.S.C. § 1229c(b)(3) (2000), is subject to penalties for failure to depart within the time period specified for voluntary departure. We find that the posting of a voluntary departure bond is a condition precedent to permission to depart voluntarily at the conclusion of a removal proceeding. We therefore conclude that an alien who fails to meet the voluntary departure bond requirement is not subject to the penalties of section 240B(d)(1) of the Act. The respondent's motion to reopen will be granted and the record will be remanded to the Immigration Judge.

## I.  FACTUAL AND PROCEDURAL HISTORY

In a decision dated June 24, 2002, the Immigration Judge denied the respondent's application for cancellation of removal, finding that he had not established that his removal would cause the requisite exceptional and extremely unusual hardship to a qualifying relative. The Immigration Judge

also granted the respondent voluntary departure for a period of 30 days, entering the following order:

> IT IS HEREBY ORDERED that the application for cancellation of removal is denied.
>
> The respondent will be granted the privilege of voluntary departure until July 24, 2002, upon payment of a bond in the amount of $500 in the next five business days. An alternate order of removal to Mexico should he not comply.

The respondent filed a timely appeal from that decision. On December 16, 2003, we affirmed without opinion the Immigration Judge's decision denying cancellation of removal. In addition, we reinstated the Immigration Judge's voluntary departure grant, providing the respondent 30 days from the date of our decision to depart if he complied with all the conditions of voluntary departure.

On February 13, 2004, the respondent filed a motion requesting that we reopen proceedings and remand his case to the Immigration Judge to consider material evidence of hardship to qualifying relatives arising subsequent to the original hearing. The respondent attached medical records indicating that his lawful permanent resident father had recently developed a heart murmur; that his lawful permanent resident mother had been diagnosed with hypothyroidism, degenerative disc disease, and other conditions; that these conditions have required his parents to move in with him; and that his parents have no other relatives in the United States who could care for them. The respondent also provided an affidavit explaining that he did not post the $500 voluntary departure bond, as ordered by the Immigration Judge, because he was unable to secure the necessary funds.

On March 25, 2004, we denied the respondent's motion to reopen, finding that he was "no longer eligible for cancellation of removal for 10 years for failure to comply with the Board's December 16, 2003, decision allowing him voluntary departure." The respondent appealed our denial of his motion to reopen to the United States Court of Appeals for the Ninth Circuit. On May 25, 2006, we entered an Interim Order vacating our March 25, 2004, order and reinstating the respondent's motion to reopen and remand in order to consider "the impact of the respondent's alleged failure to post the $500 voluntary departure bond on the application of section 240B(d) of the Act." On June 1, 2006, the Ninth Circuit entered an order dismissing the petition for review in light of our decision to reconsider the respondent's motion to reopen.

## II. ANALYSIS

The issue before us is whether the respondent is barred by section 240B(d)(1) of the Act from reopening proceedings for further consideration of his application for cancellation of removal. The respondent argues that

under the statute and implementing regulation, his grant of voluntary departure was conditioned on the posting of a voluntary departure bond and that, having failed to post the bond, he is not subject to the penalties of section 240B(d)(1) for failing to depart voluntarily. The Department of Homeland Security ("DHS") argues that once an Immigration Judge enters an order of voluntary departure, the section 240B(d)(1) penalties apply, without regard to whether the respondent posts the requisite bond.

We begin with the relevant language of the statute. Section 240B(b)(1) of the Act, which sets forth the basic eligibility requirements for voluntary departure granted at the conclusion of immigration proceedings, provides as follows:

> The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a proceeding under section 240, the immigration judge enters an order granting voluntary departure in lieu of removal and finds that—
> (A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 239(a);
> (B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;
> (C) the alien is not deportable under section 237(a)(2)(A)(iii) or section 237(a)(4); and
> (D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

According to section 240B(b)(2), the period of voluntary departure that may be granted at the conclusion of proceedings is limited to 60 days.

Section 240B(b)(3) of the Act requires the posting of a voluntary departure bond in the following terms:

> An alien permitted to depart voluntarily under this subsection shall be *required to post* a voluntary departure bond, in an amount necessary to ensure that the alien will depart, to be surrendered upon proof that the alien has departed the United States within the time specified.

(Emphasis added.) Civil penalties for failing to depart voluntarily are set forth in section 240B(d)(1) as follows:

> Subject to paragraph (2), if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien—
> (A) shall be subject to a civil penalty of not less than $1,000 and not more than $5,000; and

(B) shall be ineligible, for a period of 10 years, to receive any further relief under this section and sections 240A, 245, 248, and 249.[1]

The regulation implementing the statutory provisions for voluntary departure provides that under section 240B(b) of the Act, the alien "shall be required to post a voluntary departure bond, in an amount necessary to ensure that the alien departs within the time specified, but in no case less than $500." 8 C.F.R. § 1240.26(c)(3) (2006). The bond must be posted with the district director "within 5 business days of the immigration judge's order granting voluntary departure." *Id.* The district director may hold the alien in custody until the bond is posted. *Id.* The same regulation explicitly addresses the consequences of failing to meet the bond requirement:

> If the bond is not posted within 5 business days, the voluntary departure order shall vacate automatically and the alternate order of removal will take effect on the following day.

*Id.* The requirement that bond be posted within 5 days is not tolled by the filing of a notice of appeal to the Board. *See Matter of A-M-*, 23 I&N Dec. 737, 744 n.8 (BIA 2005).

Neither the statute nor the regulation addresses whether an alien who fails to post the required bond is subject to the civil penalties contained in section 240B(d)(1) of the Act. The determinative question is whether the penalties and privileges pertaining to voluntary departure attach at the time of the Immigration Judge's decision at the conclusion of the immigration proceedings or upon the posting of the voluntary departure bond.

The statute's imposition of a mandatory bond requirement for voluntary departure at the conclusion of removal proceedings strongly indicates that Congress intended that the privileges and penalties related to section 240B(b) voluntary departure do not apply until the statutory bond requirement is satisfied. As a practical matter, it is probably not uncommon that an applicant for voluntary departure may find it difficult or impossible to provide the required $500 for bond in the limited time afforded. Anticipated sources of funding may fall short or turn out to be unavailable within the 5-day window. We find it unlikely that Congress intended that the penalties of section 240B(d) be applied to an alien who was unable to meet the bond deadline.

In *Matter of A-M-*, *supra*, we noted that "[t]he posting of a voluntary departure bond is a statutory *condition precedent* to ensure that an alien departs within the time afforded." *Id.* at 744 n.8 (emphasis added). Under the statutory and regulatory framework, voluntary departure granted at the conclusion of a hearing remains inchoate until the posting of a bond within 5 days of the order. The wording of the Immigration Judge's order in this

---

[1] Section 240B(d)(2) provides an exception to the civil penalties in section 240B(d)(1) for a limited class of aliens not relevant to this decision.

case reflects this understanding of the law, inasmuch as it states that "[t]he respondent will be granted the privilege of voluntary departure until July 24, 2002, *upon payment of a bond* in the amount of $500 in the next five business days." (Emphasis added.) The regulation provides additional support for this reading by stating that the voluntary departure order "shall vacate automatically" upon failure to post the bond within 5 business days and the alternate order of removal takes effect on the following day. 8 C.F.R. § 1240.26(c)(3). Because failure to post a voluntary departure bond results in the automatic vacation of the voluntary departure order, an alien who did not timely post a bond is not subject to the penalties of section 240B(d)(1) of the Act.

## III. CONCLUSION

In this case, the respondent did not overstay his period of voluntary departure because, upon his failure to post bond, the voluntary departure order was vacated by regulation and the penalties of section 240B(d)(1) did not attach. He is therefore not precluded from reopening for further consideration of his application for cancellation of removal if he otherwise meets the requirements for a motion to reopen. The respondent has submitted significant evidence of material changes in the medical condition of his lawful permanent resident parents subsequent to the prior hearing on the issue of hardship for cancellation of removal. We will therefore remand the record for further proceedings before the Immigration Judge. On remand, the Immigration Judge may take into account the circumstances related to the failure to post bond in determining whether cancellation of removal should be afforded in the exercise of discretion.

**ORDER:** The motion to reopen is granted.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.