# Matter of Catherine VELASCO, Respondent

File A088 150 615 - Houston, Texas

*Decided November 20, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The voluntary departure regulations at 8 C.F.R. § 1240.26(c)(4), Nt. (2009), which took effect on January 20, 2009, and superseded *Matter of Diaz-Ruacho*, 24 I&N Dec. 47 (BIA 2006), do not apply retroactively.

(2) Where an Immigration Judge granted voluntary departure prior to January 20, 2009, and the alien failed to timely post the voluntary departure bond required by section 240B(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b)(3) (2006), the former regulatory scheme, as interpreted in *Matter of Diaz-Ruacho*, remains applicable, and the penalties imposed by section 240B(d)(1) for failure to depart within the voluntary departure period do not apply.

(3) Pursuant to 8 C.F.R. § 1240.26(c)(3)(ii), Nt., a voluntary departure order entered by an Immigration Judge on or after January 20, 2009, will not be reinstated by the Board of Immigration Appeals in its final order on appeal unless the alien provides the Board, within 30 days of filing the appeal, sufficient proof that the voluntary departure bond was timely posted with the Department of Homeland Security.

FOR RESPONDENT: Mayda Gil de Lamadrid, Esquire, Sugar Land, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Erica McGuirk, Senior Attorney

BEFORE: Board Panel: HOLMES and HESS, Board Members; KENDALL CLARK, Temporary Board Member.

HOLMES, Board Member:

On February 18, 2009, we dismissed the respondent's appeal from the Immigration Judge's January 23, 2008, decision but reinstated the 60-day period of voluntary departure that she had been granted by the Immigration Judge. The parties have now filed a joint motion to reconsider that aspect of our decision reinstating the Immigration Judge's grant of voluntary departure. The Immigration Judge's grant of voluntary departure was conditioned upon the payment of a $500 voluntary departure bond pursuant

to section 240B(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b)(3) (2006). The parties agree that the respondent did not pay the voluntary departure bond. They now request reconsideration and clarification of the respondent's present status in light of the regulatory changes regarding the consequences for failing to post the bond, which took effect between the Immigration Judge's grant of voluntary departure and our order reinstating that grant. *See* Voluntary Departure: Effect of a Motion to Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927, 76,937-38 (Dec. 18, 2008) (to be codified at 8 C.F.R. § 1240.26(c)(4));[1] *see also Dada v. Mukasey*, 128 S. Ct. 2307 (2008). The motion to reconsider will be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

In January 2008, when the Immigration Judge granted the respondent voluntary departure, our decision in *Matter of Diaz-Ruacho*, 24 I&N Dec. 47 (BIA 2006), was controlling law. Applying the version of 8 C.F.R. § 1240.26(c)(3) (2006) then in effect,[2] we held in *Matter of Diaz-Ruacho* that an alien who fails to post the voluntary departure bond within the required 5-day period is not subject to the penalties imposed by section 240B(d)(1) of the Act for failure to depart.

At the time we decided *Matter of Diaz-Ruacho* (and when the Immigration Judge granted voluntary departure in this case), 8 C.F.R. § 1240.26(c)(3) provided that "[i]f the bond is not posted within 5 business days, the voluntary departure order shall vacate automatically and the alternate order of removal will take effect on the following day." We reasoned that an alien cannot be deemed to have overstayed the granted voluntary departure period if that order has been vacated. Consequently, we held that an alien who has not timely posted the required voluntary departure bond is not subject to the section 240B(d)(1) penalties. *Matter of Diaz-Ruacho*, 24 I&N Dec. at 51.

While the respondent's timely appeal from the Immigration Judge's denial of her other applications for relief was pending before the Board, *Matter of Diaz-Ruacho* was explicitly reversed by the new rule. *See* 73 Fed. Reg. at 76,928 (Supplementary Information). The final rule substantially revised

---

[1] Although the new regulations were not effective until January 20, 2009, they were included as a note on pages 1049 to 1051 of the 2009 Code of Federal Regulations, which was revised as of January 1, 2009. In this decision, we cite to the new regulations as 8 C.F.R. § 1240.26(c), Nt. (2009).

[2] The voluntary departure bond regulation first took effect on April 1, 1997. *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,372 (Mar. 6, 1997).

8 C.F.R. § 1240.26(c)(3) and added a new subparagraph (c)(4). *See* 8 C.F.R. §§ 1240.26(c)(3)–(4), Nt. (2009). Pursuant to the new regulations, an alien's "failure to post the required voluntary departure bond within the time required does not terminate the alien's obligation to depart within the period allowed or exempt the alien from the consequences for failure to depart voluntarily during the period allowed." 8 C.F.R. § 1240.26(c)(4), Nt. This rule change, however, did not become effective until January 20, 2009.

The parties request that we reconsider our order reinstating voluntary departure and clarify whether the respondent is now subject to the section 240B(d)(1) penalties for failing to depart. On reconsideration, we find that the Immigration Judge's grant of voluntary departure should not have been reinstated in this case. Accordingly, we will vacate the voluntary departure order in our February 18, 2009, decision. We also clarify that the respondent is not subject to the section 240B(d)(1) penalties for failure to depart.

## II. ISSUE

The issue in this case is whether an alien who was granted voluntary departure by an Immigration Judge before the January 20, 2009, effective date of the regulatory change and failed to timely post the required voluntary departure bond is subject to the penalties of section 240B(d)(1) of the Act.

## III. ANALYSIS

While her case was before us on appeal, the respondent did not raise any issue related to voluntary departure. The Department of Homeland Security ("DHS"), on the other hand, stated in its brief on appeal that it had no evidence that the respondent had posted the required $500 voluntary departure bond. The DHS argued that the respondent had forfeited voluntary departure and requested that we issue an order of removal.[3] In our February 18, 2009, decision, however, we "reinstated" the 60-day period of voluntary departure that had been granted by the Immigration Judge without further discussion and added the warnings required under the new voluntary departure rule. We did not address whether there was still a grant of voluntary departure by the Immigration Judge to reinstate in light of the fact that the respondent had failed

---

[3] The new voluntary departure regulation explicitly places the burden on aliens to provide to the Board, within 30 days of filing an appeal, affirmative proof that the voluntary departure bond was paid. 8 C.F.R. § 1240.26(c)(3)(ii), Nt. Absent timely and sufficient proof, we will not reinstate the voluntary departure grant. However, the new regulation did not apply in this case because the Immigration Judge granted the respondent voluntary departure prior to its effective date.

to post the voluntary departure bond under the old regulatory scheme and prior case law; nor did we discuss the effective date provisions of the relevant regulatory change. *See Matter of Diaz-Ruacho*, 24 I&N Dec. 47; 8 C.F.R. § 1240.26(c)(3) (2008).

The Supplementary Information published with the final voluntary departure rule clearly states that its provisions are prospective only. 73 Fed. Reg. at 76,936 (Supplementary Information). Some confusion may arise, however, from the language stating that "this rule will apply to all cases pending before EOIR, or adjudicated by EOIR, on the effective date of this rule and any cases that later come before it."[4] *Id.* Cases on appeal to the Board are "pending before EOIR." The Supplementary Information states, however, that "an alien who receives a decision by an Immigration Judge granting voluntary departure *on or after the effective date of this rule* will be subject to the voluntary departure bond provisions of this rule as well as all other applicable provisions." *Id.* (emphasis added).

In view of this language, we conclude that the reversal of *Matter of Diaz-Ruacho* was not given retroactive effect and that the previous regulatory provisions, as interpreted by that decision, still govern cases in which an Immigration Judge granted an alien voluntary departure prior to the effective date of the new rule. We note that this ruling eliminates any unfairness to an alien who, prior to the regulatory change, chose not to post a voluntary departure bond because the Board had ruled in *Matter of Diaz-Ruacho* that failing to post the bond would automatically vacate the grant of voluntary departure, rather than exercise his or her unilateral right to withdraw the voluntary departure request before the expiration of the voluntary departure period. *See Dada v. Mukasey*, 128 S. Ct. at 2319; *see also* 73 Fed. Reg. at 76,930 (Supplementary Information).

Thus, because the Immigration Judge granted voluntary departure to the respondent in this case prior to the effective date of the new rule and that grant was vacated under the prior regulatory scheme, as interpreted by *Matter of Diaz-Ruacho*, 24 I&N Dec. 47, when the respondent failed to post the required bond, there was no voluntary departure order for us to reinstate when we dismissed her appeal. *Id.*; 8 C.F.R. § 1240.26(c)(3) (2008). On the facts now before us, including the undisputed fact that the respondent failed to post the required voluntary departure bond, we find that voluntary departure should not have been reinstated. Accordingly, we will vacate that portion of our February 18, 2009, order reinstating the 60-day voluntary departure period.

---

[4] The "Effective Date" provisions in Section VIII of the Supplementary Information primarily deal with the effective date of the regulation as it pertains to the filing of motions and the impact of such filings on voluntary departure orders. 73 Fed. Reg. at 76,936 (Supplementary Information).

That decision and the order dismissing the respondent's appeal remain otherwise undisturbed.

Further, because the respondent's situation was controlled by our decision in *Matter of Diaz-Ruacho*, she is not subject to the penalty provisions of section 240B(d)(1) of the Act.  Given the effective date of the new rule, its provisions, which obligate an alien who fails to pay the voluntary departure bond to nevertheless depart within the voluntary departure period or suffer the penalties for failing to do so, do not apply to her.  8 C.F.R. § 1240.26(c)(4), Nt.

**ORDER:**  The motion to reconsider is granted.

**FURTHER ORDER:**  The Board's February 18, 2009, order reinstating the Immigration Judge's grant of voluntary departure is vacated, which leaves the alternate order of removal to Colombia in effect.