**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ROBERT PEREZ; ANA MARIA ZAMORA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 05-74384 <br><br> Agency Nos. A074-817-490 <br> A079-534-787 <br><br><br> MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2009**
San Francisco, California

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

Julio Robert Perez, a native and citizen of Guatemala, and his wife, Ana

Maria Zamora, a native and citizen of Mexico, petition for review of the Board of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' order denying their motion to reopen. We grant the petition for review and remand for further proceedings.

The BIA failed to consider petitioners' contention that because they failed to post the voluntary bond required by 8 U.S.C. § 1229c(b)(3), they are not subject to the penalties of § 1229c(d)(1). *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). Moreover, although the BIA earlier affirmed and adopted an immigration judge's decision detailing multiple reasons for denying petitioners' application for relief from removal, the BIA cited only 8 U.S.C. § 1229c(b)(3) in denying petitioners' motion to reopen. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely.").

We therefore remand to the BIA to reconsider petitioners' motion to reopen, noting the BIA's intervening case law. *See In re Diaz-Ruacho*, 24 I. & N. Dec. 47, 47 (B.I.A. 2006) ("[A]n alien who fails to meet the voluntary departure bond requirement is not subject to the penalties of [8 U.S.C. § 1229c(d)(1)]."); *see generally INS v. Orlando Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**