**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KULBIR SINGH, | No. 05-74021 |
| Petitioner, | Agency No. A075-301-874 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2010
San Francisco, California

Before: NOONAN, BERZON and IKUTA, Circuit Judges.

Kulbir Singh (Singh), a native and citizen of India, petitions for review of

the order of the Board of Immigration Appeals (BIA) denying his motion to

reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review a denial of

a motion to reopen for abuse of discretion. *Socop-Gonzalez v. INS*, 272 F.3d 1176,

1187 (9th Cir. 2001) (en banc). Questions of law and claims of due process

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violations in immigration proceedings are reviewed de novo. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). For the reasons below, we grant the petition for review and remand for further proceedings.

The BIA abused its discretion in rejecting Singh's request that the ninety-day filing deadline be equitably tolled due to ineffective assistance of counsel. Equitable tolling is available when "a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). In 2002, while Singh's appeal on his asylum claim was pending before the BIA, Singh obtained an approved I-130 visa based on his marriage to a United States citizen. However, due to the deceptive practices and erroneous advice of the Rambarans, a couple who fraudulently held themselves out to be attorneys, Singh was prevented from effectively presenting to the BIA his approved I-130. Singh's next attorney, Guajardo, was similarly fraudulent and ineffective by filing a "joint" motion to reopen that was not in fact joined by the government, and by failing to raise an equitable tolling argument based on the ineffectiveness of the Rambarans. *See Iturribarria*, 321 F.3d at 898 ("Where . . . the attorney engaged in fraudulent activity causing an essential action in her

2

client's case to be undertaken ineffectively, out of time, or not at all, equitable tolling is available.").

The BIA rested its denial of equitable tolling on a finding that Singh failed to act with due diligence in discovering his counsel's ineffectiveness. This finding was an error. The fact that Singh, a layperson and non-native English speaker, failed to comprehend the legal significance of his prior counsel's errors does not indicate a lack of due diligence. Each time that Singh became suspicious of his counsel's performance, he immediately sought new counsel and informed his new counsel of the facts of his case to the extent that he understood them. Singh's actions constitute due diligence, and the BIA's finding to the contrary is an abuse of discretion. *See Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (finding due diligence where petitioner repeatedly sought new counsel in pursuit of relief). Accordingly, Singh is entitled to equitable tolling of the time limitations, as well as the number limitations, on his motion to reopen. *See Rodriguez-Lariz*, 282 F.3d at 1224 (applying the same standard for equitable tolling of time and number limitations on a motion to reopen).

Singh argues that the ineffectiveness of his counsel deprived him of due process in his immigration proceedings. A non-citizen's right to due process is violated when counsel's ineffective assistance renders the proceeding "so

3

fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985). In order to establish a due process violation, the petitioner must also demonstrate prejudice. *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). The BIA addressed the ineffective assistance of counsel claim only as part of its analysis of equitable tolling; however, the merits of the claim are amenable to resolution based on the record before this court. *Cf. Ray v. Gonzales*, 439 F.3d 582, 590-91 (9th Cir. 2006) (recognizing the court's authority to address the merits of a motion to reopen despite the BIA's failure to do so, particularly where the merits rest on "purely legal claims," but declining to reach the merits in part due to the limited record).

The representation provided by the Rambarans and Guajardo during the pendency of Singh's proceedings was so ineffective that Singh has been "prevented from reasonably presenting his case." *Lopez*, 775 F.2d at 1017. The Rambarans advised Singh to submit his I-130 application, but not its approval, while his asylum appeal was pending before the BIA. The Rambarans then caused Singh to miss the opportunity to file a motion to reopen within the ninety-day deadline by advising him to instead write a "letter of reconsideration" to the Executive Office of Immigration Review. Singh paid the Rambarans $1,200 for assistance with writing this letter, which was inadequately addressed and futile.

4

Next, Singh retained Guajardo, who agreed to assist Singh for $15,000. Yet, Guajardo's assistance was again seriously inadequate because Guajardo filed an untimely motion to reopen and failed to make any equitable tolling argument, despite knowledge of the errors of the Rambarans. These failures prevented Singh from effectively presenting to the BIA his approved I-130, the crux of his claim for adjustment of status. The errors of Singh's counsel denied him due process. *See Ray*, 439 F.3d at 588 (9th Cir. 2006) (finding a denial of due process where counsel did not litigate case in a timely fashion, preventing petitioner from presenting his case).

Singh has also established that his attorneys' errors were prejudicial. On March 12, 2003, the BIA construed Singh's I-130 application as a motion to remand, but denied it for a lack of proof that the marriage was bona fide. The Rambarans' erroneous advice about the proper documents to submit to the BIA was clearly prejudicial, since Singh's approved I-130 would have been proof of a bona fide marriage. Additionally, on February 19, 2004, the BIA denied Singh's first motion to reopen because it was untimely. Guajardo's failure to request equitable tolling of the statute of limitations most certainly affected the outcome of the motion, particularly in light of the obvious ineffectiveness of the Rambarans. Because Singh need only show that counsel's deficient performance "may have

5

affected the outcome of the proceedings," we find that Singh has met his burden. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999).

The government does not contest Singh's claim that his counsel was ineffective, but only that Singh suffered prejudice as a result. The government relies solely on the fact that Singh failed to depart pursuant to a voluntary departure order, which the government claims renders him ineligible for adjustment of status for ten years. This argument is foreclosed by the BIA's decision in *In re Diaz-Ruacho*, 24 I. & N. Dec. 47 (BIA 2006). The record shows that Singh failed to post a voluntary departure bond. Under *In re Diaz-Ruacho*, the departure order was vacated by Singh's failure to post a bond, and as a result Singh is not barred from seeking adjustment of status. Based on his approved I-130, Singh can show plausible grounds for relief, fulfilling the prejudice requirement. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 898 (9th Cir. 2008).

Finally, we note that the BIA found that Singh substantially complied with the procedural requirements for ineffective assistance of counsel claims, set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). We therefore conclude that Singh has satisfied the elements necessary to establish a due process violation based on ineffective assistance of counsel. We grant the petition for review and remand to the BIA with directions to grant Singh's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**