FILED

NOT FOR PUBLICATION

NOV 02 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

EVA MEDINA-RODRIGUEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    09-73545

Agency No. A093-237-665

MEMORANDUM<sup>*</sup>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 10, 2018
Pasadena, California

Before:  CLIFTON and CHRISTEN, Circuit Judges, and RUFE,<sup>**</sup> District Judge.

Petitioner Eva Medina-Rodriguez petitions for review of the decision of the

Board of Immigration Appeals denying her motion to reconsider its earlier

decision. The BIA previously denied her motion to reopen removal proceedings to

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

apply for adjustment of status. We grant the petition and remand to the BIA for further consideration.

An applicant who fails to depart within the granted period of voluntary departure is ineligible for ten years for adjustment of status as a matter of law. 8 U.S.C. § 1229c(d)(1). In her motion to reconsider, Medina-Rodriguez contended that her failure to post the bond for voluntary departure exempts her from the consequences of failing to depart. *See In Re Diaz-Ruacho*, 24 I. & N. Dec. 47, 47 (BIA 2006) (finding that because "the posting of a voluntary departure bond is a condition precedent to permission to depart voluntarily at the conclusion of a removal proceeding . . . an alien who fails to meet the voluntary departure bond requirement is not subject to the penalties" of the INA). The BIA accepted that "if the respondent did not post her voluntary departure bond, she would not be subject to the penalties for failing to depart." However, the BIA seemed to find dispositive the fact that "respondent failed to submit with her motion to reopen an affidavit stating that she did not post her voluntary departure bond."

Motions to reopen must be "supported by affidavits or other evidentiary material." 8 U.S.C. § 1229(a)(7)(B). However, "the BIA retains the ability to waive procedural errors, and has done so when the circumstances warrant such action." *Konstantinova v. I.N.S.*, 195 F.3d 528, 530 (9th Cir. 1999). In *Konstantinova*, the

alleged procedural defect was a failure to include an I-485 with a motion to remand. *Id.* at 529-30. Similarly, Medina-Rodriguez here failed to include an affidavit to support her claim. Because "facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable," *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005), Medina-Rodriguez's failure to include an affidavit here is a procedural defect the BIA could have waived. The government did not refute the factual claim made by Medina-Rodriguez before the BIA.[1] Even before this court, the government did not dispute the factual accuracy of her claim. Its position was that it did not know one way or the other whether she failed to post a bond, though the A-file in the possession of the government should provide a definitive answer to that question.

While the BIA's ruling was permissible in light of Medina-Rodriguez's failure to include an affidavit, it was not compelled. Because the BIA failed to acknowledge its ability to waive a procedural error, it is uncertain whether the BIA would have exercised its discretion and waived this defect. Remand is therefore

---

[1] "The A-File documents the history of immigrants' and others' interactions with components of the Department of Homeland Security and predecessor agencies." *Dent v. Holder*, 627 F.3d 365, 372 (9th Cir. 2010). We have held that individuals are entitled to a copy of the A-File upon request, but have not determined if it should be produced routinely without a request. *Id* at 374-75. In any event, the existence of the A-File means the government is in a position to determine whether or not Medina-Rodriguez posted a bond.

appropriate for the BIA to consider whether it will exercise this discretion. *See Guzman v. I.N.S.*, 318 F.3d 911, 913-14 (9th Cir. 2003) (finding remand appropriate where the BIA "labored under a misapprehension of fact" in exercising its discretion and ultimately arriving at a ruling that was permissible but not compelled).

The BIA also found that Medina-Rodriguez had not presented any evidence that she was inspected and admitted by an immigration officer for purposes of section 245(a) of the INA, 8 U.S.C. § 1255(a). However, the record does contain some evidence from Medina-Rodriguez's Application for Cancellation of Removal and Adjustment of Status that she was inspected and admitted when she re-entered the country in 1990 and 1991. She also testified in a hearing before an Immigration Judge that she previously had a work permit which she used when she "went through the line" in 1990, but which was subsequently confiscated. On remand, the BIA should consider whether this evidence establishes her eligibility for adjustment of status.

In light of the foregoing, we grant the petition for review, vacate the BIA's decision denying Medina-Rodriguez's motion to reconsider, and remand to the BIA for a new exercise of discretion concerning Medina-Rodriguez's motion to reconsider.

**Petition GRANTED and matter REMANDED**.