# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60982
Summary Calendar

JAIME ROJO-RESENDIZ

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 664 018

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jamie Rojo-Resendiz petitions for review of the final order of the Board of Immigration Appeals (BIA) denying his motion to reopen immigration proceedings. The BIA denied the motion to reopen on the ground that Rojo-Resendiz had overstayed his period of voluntary departure and therefore was statutorily ineligible for the relief sought. See 8 U.S.C. § 1229c(d). We review

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA's denial of a motion to reopen for abuse of discretion. Banda-Ortiz v. Gonzales, 445 F.3d 387, 388 (5th Cir. 2006).

Rojo-Resendiz at no time sought to withdraw his request for voluntary departure and he states in his reply brief in this court that "Because Mr. Rojo only wishes to voluntary depart now, he is only challenging the issue of automatic tolling of the voluntary departure period."

Rojo-Resendiz argues that his timely filed motion to reopen tolled the voluntary departure period. Rojo-Resendiz's argument is without merit. See Dada v. Mukasey, 128 S. Ct. 2307, 2318-19 (2008); Banda-Ortiz, 445 F.3d at 391. In this matter, Rojo-Resendiz became ineligible to adjust his status because he failed to depart the United States within the 60-day voluntary departure period, which expired while his motion to reopen was pending. See § 1229c(d)(B). Accordingly, the BIA did not abuse its discretion in denying his motion to reopen. See Banda-Ortiz, 445 F.3d at 391; § 1229c(d)(B).

Rojo-Resendiz argues that the BIA erred in not ruling on his motion to stay or extend his voluntary departure period, which he filed contemporaneously with his motion to reopen. The applicable statutory and regulatory provisions, however, make clear that the BIA was without authority to extend the voluntary departure period beyond the 60 days already granted. See Dada at 2316; § 1229c(b); 8 C.F.R. § 1240.26(f). Accordingly, the BIA's implicit denial of the motion to stay or extend the voluntary departure period was not error.

PETITION FOR REVIEW DENIED.