**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 07-60936
Summary Calendar

EUGENIO RAMIREZ-MENA

Petitioner

v.

ERIC J. HOLDER, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A27 180 -029

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:*

Eugenio Ramirez-Mena (Ramirez) petitions for review of the final order of the Board of Immigration Appeals (BIA) summarily dismissing his appeal from the Immigration Judge's (IJ) order finding him removable and granting voluntary departure. He also petitions for review of the BIA's order denying his motion to reopen removal proceedings. However, Ramirez has abandoned any challenge to the BIA's October 29, 2007, summary dismissal of his appeal by failing to brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)).

The BIA denied the motion to reopen on the ground that Ramirez had overstayed his period of voluntary departure and therefore was statutorily ineligible for the relief sought. *See* 8 U.S.C. § 1229c(d). We review the BIA's denial of a motion to reopen for abuse of discretion. *Banda-Ortiz v. Gonzales*, 445 F.3d 387, 388 (5th Cir. 2006).

Ramirez contends that the BIA erred in denying his motion to toll the voluntary departure period, which he filed contemporaneously with his motion to reopen. The applicable statutory and regulatory provisions, however, make clear that the BIA was without authority to extend the voluntary departure period beyond the 60 days already granted. *See Dada v. Mukasey*, 128 S. Ct. 2307, 2316 (2008); 8 U.S.C. § 1229c(b); 8 C.F.R. § 1240.26(f); *see also Banda-Ortiz*, 445 F.3d at 391. Ramirez did not seek to withdraw his request for voluntary departure prior to the expiration of the voluntary departure period. *See Dada*, 128 S. Ct. at 218-20. The BIA's denial of the motion to stay or extend the voluntary departure period was not error.

Ramirez became ineligible for the relief he sought, adjustment of status and cancellation of removal, because he failed to depart the United States within the 60-day voluntary departure period, which expired while his motion to reopen was pending. *See* § 1229c(d)(B). Accordingly, the BIA did not abuse its discretion in denying his motion to reopen. *See Banda-Ortiz*, 445 F.3d at 391; § 1229c(d)(B).

PETITION FOR REVIEW DENIED.