NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3422
_____

FREDERICK BLACKMAN,
                              Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent


_____

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A:079-698-791)
Immigration Judge: Eugene Pugliese


_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010
_____

Before: SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion Filed: January 13, 2011)


_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

1

Frederick Blackman ("Blackman") petitions for review of the July 20, 2009 final order of removal of the Board of Immigration Appeals ("BIA"). Blackman contends that the BIA abused its discretion in denying his motion to reopen because his motion implicitly requested withdrawal of voluntary departure and his subsequent motions explicitly requested withdrawal of voluntary departure. We disagree. For the following reasons, we will deny Blackman's petition for review.

## I. BACKGROUND

We write primarily for the benefit of the parties and recount only the essential facts.

Blackman is a citizen and native of Guyana. On May 22, 2001 he entered the United States. In August 2001, he married Sharon Weaver ("Weaver"), a United States citizen. Subsequent to his marriage to Weaver, Blackman adjusted his status to conditional permanent resident in September 2002. On April 10, 2003, Blackman and Weaver divorced.

On July 15, 2004, Blackman filed a Petition to Remove the Conditions on Residence. On December 28, 2006, he completed the required interview. The Citizenship and Immigration Service terminated Blackman's conditional permanent resident status on the grounds that Blackman had not met the requisite burden of showing that his marriage to Weaver was entered into in good faith, and not for an immigration benefit.

On January 19, 2007, the Department of Homeland Security ("DHS") issued a Notice to Appear to Blackman, stating that he was removable because he was no longer married to Weaver. On September 21, 2007, the Immigration Judge ("IJ") denied Blackman's application for a discretionary hardship waiver under Section 216(c)(4)(B) of the Immigration and Nationality Act ("INA") on the basis that he failed to establish he entered into his marriage to Weaver in good faith. The IJ's September 21, 2007 Order also granted Blackman's Application for Voluntary Departure for a maximum period of 60 days.

On June 25, 2008, Blackman married Shelby Veale ("Veale"), a United States citizen. She filed a visa relative petition based on their marriage. On October 30, 2008, the BIA affirmed the IJ's determination that Blackman did not satisfy his burden of establishing that he qualified for a waiver and the BIA permitted Blackman to voluntarily depart within 60 days of the Order, by December 29, 2008. The BIA noted that the voluntary departure time period could be extended by the DHS, pursuant to 8 U.S.C. § 1229c(b). If Blackman failed to voluntarily depart within the specified or extended time period, he would be ineligible for certain forms of relief under the INA.

On December 30, 2008, Blackman filed a Motion to Reopen Removal Proceedings and Stay of Voluntary Departure Period ("Motion to Reopen") so he could apply for adjustment of status based on the petition filed by Veale. The Motion to Reopen requested that the Board "stay the voluntary departure period during its review of this motion and provide [Blackman] adequate time to depart following its decision." (Mot. to

3

Reopen 7, Dec. 30, 2008). On December 31, 2008, Blackman filed a Motion to Amend the Motion to Reopen ("Motion to Amend") "to include a specific request to withdraw the voluntary departure . . . ." (Mot. to Amend 4, Dec. 31, 2008.) Specifically, he stated that, "[i]n light of recent guidance from the United States Supreme Court and Executive Office for Immigration Review, the respondent instead asks that his grant of voluntary departure be rescinded and the alternative order of removal be ordered." (Id. at 3.) Blackman requested that his Motion to Reopen be amended, "nunc pro tunc," to include an explicit request to withdraw the voluntary departure. (Id. at 4.) On March 2, 2008, Blackman filed a Motion for Leave to Accept Untimely Motion to Reopen ("Motion for Leave"). In this motion, he explained that his counsel had mailed the Motion to Reopen on December 24, 2008, with a UPS-guaranteed delivery date of December 29, 2008, but that "for reasons that are unclear," the motion was not delivered until December 30, 2008. (Mot. for Leave 3, March 2, 2009.)

On July 20, 2009, the BIA denied Blackman's Motion to Reopen ("BIA Order") because his motion requested that the BIA "stay the voluntary departure period during its review of this motion and provide him adequate time to depart following its decision." (BIA Order 2, July 20, 2009 (citations omitted).) The BIA reasoned that this request did not satisfy the requirement set forth in Dada v. Mukasey, 554 U.S. 1 (2008) that he unilaterally withdraw his application for voluntary departure prior to the expiration of his voluntary departure period. The BIA did not determine whether Blackman's Motion to Reopen should be considered timely based on his contention that UPS guaranteed

4

delivery by December 29, 2008.  Finally, the BIA did not grant Blackman's subsequent motions (the Motion to Amend and the Motion for Leave) which requested that his voluntary departure be rescinded, because those motions were untimely.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review the Motion to Reopen submitted in response to a final order of removal, pursuant to 8 U.S.C. § 1252(a).

We review the BIA's denial of a motion to reopen for abuse of discretion.  Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (citations omitted).  We will uphold the BIA's decision unless it is "arbitrary, irrational, or contrary to law."  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  We will uphold the BIA's factual findings if they are supported by "reasonable, substantial, and probative evidence on the record considered as a whole."  Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 480 (1992)).

## III. ANALYSIS

Under INA § 240B(b)(1), an alien may voluntarily depart at the alien's own expense, in lieu of removal, for a time period that may not exceed 60 days.  8 U.S.C. §1229c(b)(1).  The BIA has discretion to grant an alien's motion to reopen if the alien presents evidence that is "material and was not available and could not have been discovered or presented at the former hearing . . . ."  8 C.F.R. § 1003.2(c).  The authority to extend the time to voluntarily depart "is only within the jurisdiction of the [DHS] . . . [and] [i]n no event can the total period of time, including any extension, exceed 120 days

5

or 60 days as set forth in section 240B of the Act."  8 C.F.R. § 1240.26(f); see also Dada, 554 U.S. at 10.

As the Supreme Court held in Dada, an alien is "permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen."  554 U.S. at 21. (emphasizing the importance of the right to pursue a motion to reopen).  The Court further held that statutory authority did not exist to "toll" the voluntary departure period while the merits were adjudicated because, "[i]f the alien is permitted to stay in the United States past the departure date to wait out the adjudication of the motion to reopen, he or she cannot then demand the full benefits of voluntary departure . . . ."  Id. at 19-20.[1]

Blackman does not dispute that, under Dada, he would have to withdraw his

_____

[1] The Executive Office For Immigration Review issued a rule effective January 20, 2009, stating,

> If the alien files a post-decision motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall be terminated automatically, and the alternate order of removal will take effect immediately.  The penalties for failure to depart voluntarily under section 240B(d) of the Act shall not apply if the alien has filed a post-decision motion to reopen or reconsider during the period allowed for voluntary departure. Upon the granting of voluntary departure, the immigration judge shall advise the alien of the provisions of this paragraph (b)(3)(iii).

8 C.F.R. § 1240.26(b)(3)(iii).  The rule is only applied prospectively.  Dada, 554 U.S. at 20.  Blackman filed his motion to reopen prior to January 20, 2009, thus the rule is inapplicable to his case.  See Mahmood v. Holder, 570 F.3d 466, 471(2d Cir. 2009) (explaining that 8 C.F.R. § 1240.26 did not resolve Mahmood's case because he filed his motion to reopen before the rule was promulgated).

6

voluntary departure application before pursuing his Motion to Reopen. Blackman instead argues that his motion (requesting the BIA "stay the voluntary departure period during its review of this motion and provide him adequate time to depart following its decision" (BIA Order 2)) is an implied motion to withdraw voluntary departure. We disagree.

We have not addressed this specific question in our Circuit. We defer to the BIA's determination of the requirements for compliance with a voluntary departure withdrawal and Blackman does not disagree that the BIA should consider the issue first. See Mahmood v. Holder, 570 F.3d 466, 470-71 (2d Cir. 2009) (remanding the matter to either the BIA or IJ to determine in the first instance whether a motion to reopen accompanied by a motion to stay voluntary departure constituted a withdrawal under Dada). Here, the BIA did consider whether Blackman complied with Dada and held that Blackman's request that "his voluntary departure period merely be stopped until his motion was adjudicated . . . is inconsistent with a unilateral withdrawal of his application for voluntary departure (by which he agrees to completely forgo such relief) as envisioned by [Dada]." (BIA Order 2.)

Blackman instead contends that the BIA abused its discretion in requiring an express statement for withdrawal of voluntary departure. Dada does not specify the exact procedural requirements that the alien must fulfill to request withdrawal of voluntary departure. Still, the Court in Dada emphasized that the alien must exercise his "option either to abide by the terms, and receive the agreed-upon benefits, of voluntary departure; or, alternatively, to forgo those benefits and remain in the United States to pursue an

7

administrative motion." Id. at 21. Allowing the alien to "request[]" withdrawal of voluntary departure prior to the expiration of the voluntary period does not give the alien "benefits without costs." Id. Blackman is not seeking to forgo the benefits of voluntary departure to pursue his Motion to Reopen. Rather, he seeks a stay during the adjudication of the merits.[2]

Blackman specifically argues that the BIA abused its discretion by requiring an express statement of voluntary withdrawal because: (1) this Circuit's law, prior to Dada in Kanivets v. Gonzales, 424 F.3d 330 (3d Cir. 2005), permitted tolling voluntary departure while a motion to reopen was adjudicated; and (2) under 8 C.F.R. § 1240.26(b)(3)(iii), voluntary departure was automatically withdrawn once the alien filed a motion to reopen.

Blackman's reliance on Kanivets and 8 C.F.R. § 1240.26(b)(3)(iii) is inapposite. First, Dada explicitly held that we did not have the statutory authority to toll voluntary departure. Thus, Kanivets is no longer good law in this Circuit and cannot be persuasive in determining whether an express statement was required. Second, the provision that Blackman cites—8 C.F.R. § 1240.26(b)(3)(iii) was effective January 20, 2009 and applies only prospectively. Thus, Blackman's December 2008 Motion to Reopen is not

---

[2] We have previously held that we have jurisdiction to issue a stay of voluntary departure. Obale v. Att'y Gen., 453 F.3d 151, 157 (3d Cir. 2006). The Court in Dada recognized that some Federal Courts of Appeals have permitted voluntary stays while the alien's motion was adjudicated. The issue was not before the Court and was left open. Dada, 554 U.S. at 11. The issue is also not before us today as the BIA did not grant Blackman's motion for a stay of voluntary departure.

affected by the regulation. The Court in Dada stated that the regulation "warrant[ed] respectful consideration," in determining that the alien could withdraw from voluntary departure. 554 U.S. at 20.[3] Therefore, to the extent that Blackman asks this Court to consider the amendment in 8 C.F.R. § 1240.26(b)(3)(iii) persuasive in its decision (even if not binding in Blackman's case), Dada, the controlling law in this case, already considered automatic termination when the Court held that an alien must "withdraw, unilaterally" a voluntary departure request. 554 U.S. at 21.

Furthermore, a request for staying removal does not implicitly include a request to stay the voluntary departure period. The alien "must expressly ask for a stay of the voluntary departure period before its expiration, or request withdrawal of the order of voluntary departure." Sandie v. Att'y Gen., 562 F.3d 246, 256 (3d Cir. 2009). Thus, the BIA did not abuse its discretion in determining that a request for a stay of voluntary departure is not an implicit request for a withdrawal of voluntary departure.[4]

Blackman contends that his Motion to Reopen was timely because UPS guaranteed a delivery date of December 29, 2008. The BIA did not reach the issue of timeliness because it held that even if the motion was timely, it did not establish that he withdrew his application for voluntary departure. (BIA Order 2.) The BIA did not abuse its discretion in not reaching the issue of timeliness.

---

[3] At the time that Dada was decided, 8 C.F.R. § 1240.26(b)(3)(iii) was merely a proposed amendment that was not binding on the Court.
[4] There is no support for the notion that a request for a stay of voluntary departure is an implicit request for a withdrawal of voluntary departure.

9

Finally, the BIA denied Blackman's subsequent motions (the Motion to Amend and the Motion for Leave) on the grounds that they were untimely. Blackman's period to voluntarily depart ended December 29, 2008. He did not file his Motion to Amend until December 31, 2008 and his Motion for Leave until March 2, 2009. The BIA recognizes exceptions for timeliness in unique or extraordinary circumstances. See Sun v. Dept. of Justice, 421 F.3d 105, 108-09 (2d Cir. 2005) (noting that unique or extraordinary circumstances include ambiguous regulations defining deadlines, instances where the alien was misled by the court, and in some Circuits, may include delay in delivery by an express delivery service). However, Blackman does not allege unique or extraordinary circumstances regarding the untimeliness of the Motion to Amend or the Motion for Leave. Thus, the BIA did not abuse its discretion in denying Blackman's subsequent motions.

## IV. CONCLUSION

For the reasons discussed above, we will deny Blackman's petition for review.