**Vidhyaben PATEL, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–3861.**

United States Court of Appeals, Third Circuit.

Argued April 25, 2011.

Filed: July 6, 2011.

---

Frank B. Lindner, (Argued), Lindner & Lindner, Yardley, PA, for Petitioner.

John C. Cunningham I, Timothy B. Stanton, Briena L. Strippoli, (Argued), United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, Attorneys for Respondent.

Before: SLOVITER, GREENAWAY, JR., Circuit Judges and POLLAK,* District Judge.

## OPINION

SLOVITER, Circuit Judge.

This appeal requires us to decide whether the Board of Immigration Appeals ("BIA") abused its discretion in denying Vidhyaben Patel's motion to reopen to apply for adjustment of status on the basis that Patel failed to explicitly request withdrawal of voluntary departure.

### I.

Patel, a native and citizen of India, entered the United States in 1993 on a nonimmigrant visitor visa and overstayed. In proceedings before the Immigration Judge ("IJ"), she conceded removability, withdrew a previously asserted claim for asylum, and applied for cancellation of removal under the Immigration and Nationality Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b). The IJ subsequently denied cancellation of removal.[1] In lieu of depor-

---

* Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Although the IJ found Patel to be a person of good moral character and that she had resided in the United States continuously for

the requisite time period, the IJ concluded that she had not proved that her qualifying family members (two United States citizen children, then ages 12 and 7) would suffer extreme or unusual hardship as a result of her deportation.

tation, the IJ granted Patel's request for voluntary departure under INA § 240B(b), 8 U.S.C. § 1229c(b), for the maximum period of sixty days.

Patel timely appealed. On May 22, 2008, the BIA affirmed. The BIA advised Patel that she had until July 21, 2008, to depart voluntarily, and that failure to do so before that date would subject her to a civil fine and render her ineligible for adjustment of status under INA § 245, 8 U.S.C. § 1255, for a period of ten years.

On July 14, 2008, one week before the expiration of the voluntary departure period, Patel, with the assistance of new counsel, filed a motion to reopen with the BIA under INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7). In the motion, Patel requested that the BIA remand to the IJ so that she could apply for adjustment of status under INA § 245 due to an approved relative petition that Patel's United States citizen father had submitted on her behalf.

On August 29, 2008, five weeks after the voluntary departure period expired, the BIA denied Patel's motion to reopen. Citing the Supreme Court's recent decision in *Dada v. Mukasey*, 554 U.S. 1, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008), the BIA concluded that because Patel did not move the Board to withdraw her grant of voluntary departure prior to expiration, under INA § 240B(d)(1)(B), 8 U.S.C. § 1229c(d)(1)(B), she is prima facie ineligible for the relief sought. Aside from non-

compliance with the voluntary departure period, the BIA cited no other circumstances that would render Patel ineligible for adjustment.[2]

Patel timely petitions for review of the order denying her motion to reopen.

## II.

This court has jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reopen for abuse of discretion, and will overturn only if it was arbitrary, irrational, or contrary to law. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir.2005). We review the BIA's legal conclusions de novo and factual determinations under a substantial evidence standard. *Id.*

## III.

As a preliminary matter, we reject Patel's argument that she never established her eligibility for voluntary departure. Patel did not challenge the IJ's grant of voluntary departure before the IJ or the BIA. Consequently, the claim has been waived.[3] *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003) ("an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim"). Accordingly, assuming Patel was properly granted voluntary departure, we turn to consideration of whether the BIA abused

---

**2.** As a third preference applicant with a priority date of April 23, 2001, a visa is immediately available to Patel. *See* Department of State Visa Bulletin, Vol. IX, No. 32 (May 2011). The Government stated at oral argument that Patel did not have a visa available to her at the time she filed the motion to reopen. However, it appears from the record that Patel's father previously submitted a visa petition on Patel's behalf with a priority date of August 30, 1991. The effect of the earlier petition was not discussed by the parties. Re-

gardless, given that the most recent priority date is now current, any dispute on this issue is moot.

**3.** In any event, Patel's argument lacks record support. Patel had requested voluntary departure in the course of her removal hearing and the IJ found that Patel qualified for that relief based on her testimony. *See* A.R. at 32, 59, 71–72, 97–99.

its discretion in denying Patel's motion to reopen on the basis that Patel failed to explicitly request withdrawal of voluntary departure.

■ Prior to the Supreme Court's decision in *Dada*, the filing of a motion to reopen within the time allowed for voluntary departure automatically tolled the voluntary departure period, thereby allowing the alien to remain in the United States until after the IJ or the BIA adjudicated the motion. *See Kanivets v. Gonzales*, 424 F.3d 330, 335 (3d Cir.2005) (timely motion to reopen filed prior to expiration of voluntary departure period served to toll time allotted to voluntarily depart). Thus, if Patel had filed her motion to reopen prior to *Dada*, the voluntary departure period would have been tolled automatically.

On June 16, 2008, the Supreme Court in *Dada* held that the filing of a motion to reopen does not automatically toll the period of time granted for voluntary departure, which effectively overruled our holding in *Kanivets* on this point. But, "to safeguard the right to pursue a motion to reopen for voluntary departure recipients," the Supreme Court also held that "the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen." *Dada*, 554 U.S. at 21, 128 S.Ct. 2307. The Supreme Court in *Dada*, however, "did not answer the question of precisely what an alien must do to withdraw from voluntary departure." *Mahmood v. Holder*, 570 F.3d 466, 470 (2d Cir.2009). The INA likewise provides no guidance; both the statute and the legislative history are silent with respect to the impact of a voluntary departure agreement on the statutory right to file a motion to reopen. *See Dada*, 554 U.S. at 14–15, 128 S.Ct. 2307.

After the *Dada* decision, but on the basis of a proposed rule that preceded *Dada*, the Executive Office for Immigration Review ("EOIR") issued a rule ("Rule") establishing that the filing of a motion to reopen automatically terminates voluntary departure. *See* Voluntary Departure: Effect of a Motion to Reopen or Reconsider or a Petition for Review, 73 Fed.Reg. 76,-927, 76,937 (Dec. 18, 2008) (codified at 8 C.F.R. § 1240.26(e)(1)). The Rule took effect on January 20, 2009, and applies prospectively only. *Id.* at 76,936. Thus, if Patel had filed her motion after the Rule took effect, her request for and approval for voluntary departure would have terminated automatically and would not pose a bar to adjustment. Unfortunately, Patel filed her motion during the seven-month window between the Supreme Court's decision in *Dada* and the effective date of the EOIR Rule. This left Patel without the benefit of a bright-line rule.

The Government argues that *Dada* put Patel on notice that if she failed to file a motion with the BIA to withdraw voluntary departure, after the voluntary departure period expired, she would be ineligible for adjustment. On this point, the Government is not mistaken. However, the Government fails to acknowledge that *Dada* did not put Patel on notice regarding precisely what she was required to do to effectuate withdrawal. We have been unable to find any precedential decisions from the BIA or the courts of appeals, or any agency regulation or practice advisory, that provided guidance to aliens and their attorneys with respect to withdrawal of voluntary departure between the decision in *Dada* and the effective date of the EOIR Rule.[4]

---

4. The Government misplaces reliance on this court's decision in *Sandie v. Att'y Gen.*, 562 F.3d 246 (3d Cir.2009). *Sandie* held that a request to stay voluntary departure is not

■ Additionally, despite language in the Rule indicating it applies prospectively only, the BIA has acknowledged that confusion may arise from somewhat contradictory language in the Supplementary Information to the Rule stating that the Rule "will apply to all cases pending before EOIR, or adjudicated by EOIR, on the effective date of this rule and any cases that later come before it." *Matter of Velasco*, 25 I. & N. Dec. 143, 146 (BIA 2009) (quoting 73 Fed.Reg. at 76,936).[5] A case on appeal to the BIA, as Patel's was at the time, is considered to be "pending before EOIR." *Id.* Moreover, the Supreme Court in *Dada* analyzed the INA with the then-proposed Rule in mind, stating that the Rule "warrants respectful consideration." 554 U.S. at 21, 128 S.Ct. 2307 (quotation omitted). The BIA's precedential opinion in *Matter of Velasco* recognizing this confusion and reiterating that the Rule applies prospectively only was not issued until more than one year after Patel filed her motion to reopen and the BIA adjudicated the same.

The rationale behind prospective application of the Rule does not apply to Patel.

The Supplementary Information issued with the Rule indicates that the principal reason it does not apply retroactively is "because aliens would not otherwise receive notice that the filing of their motions would automatically terminate their voluntary departure." 73 Fed.Reg. at 76,936. In other words, retroactive application would be unfair for those aliens who did not want to forfeit their right to voluntarily depart. This concern is not relevant to Patel who has indicated a strong intention to forgo the benefit. Given the confusion around the Rule discussed above and the lack of guidance, it was reasonable for someone in Patel's position to think that the BIA—consistent with the proposed Rule given "respectful consideration" by the Supreme Court—would construe her motion to reopen as an automatic termination of a voluntary departure grant.[6]

The BIA has issued several non-precedential opinions granting motions to reopen that were filed with the BIA before *Dada* but not adjudicated by the BIA until after *Dada* that provide apt comparison to

implicit in a motion to stay removal given the differing equities involved and, as such, an alien must expressly ask for a stay of voluntary departure before its expiration or request withdrawal. *Sandie* was decided after the EOIR Rule went into effect and does not purport to apply in the motion to reopen context. To hold *Sandie* requires that withdrawal of voluntary departure request be explicit in the context of a motion to reopen would be in direct conflict with the EOIR Rule providing for automatic termination upon the filing of such a motion. Regardless, any rule set forth by *Sandie,* decided in 2009, was not in effect at the time Patel filed her motion to reopen and cannot be retroactively applied.

5. This court takes judicial notice that the American Immigration Law Foundation ("AILF," now the American Immigration Council), issued a preliminary analysis of *Dada* that demonstrates confusion even

among experts in the profession. In the analysis, AILF advised that because it is "unclear from [*Dada*] whether the filing of a motion to reopen will be construed as a request to withdraw the voluntary departure ... individuals may consider explicitly requesting withdrawal...." *Dada v. Mukasey* Q&A: Preliminary Analysis and Approaches to Consider, AILF (June 17, 2008), http://www.ailf.org/lac/chdocs/Dada–FAQ.pdf (last visited June 28, 2011).

6. This is not to say that Patel's counsel is without fault. To the contrary, the quality of Patel's representation before the immigration court and on appeal leaves something to be desired. Out of an abundance of caution, more competent counsel, with little added effort, would have avoided any ambiguity by explicitly requesting withdrawal of voluntary departure in the motion to reopen or in a separate motion.

Patel's situation. In these cases, the BIA has construed the motion to reopen as an "implicit" request for withdrawal of voluntary departure because the alien was unaware of his/her right to request withdrawal at the time of filing the motion to reopen and because the motion coupled with the alien's "decision to remain in the United States, clearly reflect that [the alien] was more interested in pursuing the underlying application for relief than in pursuing voluntary departure." *In re Surujpaul Persaud,* 2009 WL 3335993 (BIA Oct. 7, 2009); *see also In re Mahmood,* 2009 WL 5252795 (BIA Dec. 10, 2009) (holding "motion to reopen seeking adjustment of status constituted a withdrawal of the request for voluntary departure and the adjustment motion was therefore not barred based on failure to depart within the voluntary departure time allowed"); *In re Rodenau,* 2009 WL 2171614 (BIA July 9, 2009) (holding "[respondent's] motion [to reopen], and her decision to remain while it was adjudicated, reflects an election to pursue the underlying application for relief rather than voluntary departure"); *In re Maknojiya,* 2008 WL 5181789 (BIA Nov. 14, 2008) (holding "the respondent ... implicitly exercised his right to withdraw his voluntary departure request, and instead ... elected to remain to pursue his motion"). Here, too, the circumstances indicate that Patel has elected her option to "forgo" the agreed-upon benefits of voluntary departure and instead chosen to "remain in the United States to pursue an administrative motion." *Dada,* 554 U.S. at 21, 128 S.Ct. 2307.

Although Patel filed her motion to reopen with the benefit of *Dada,* unlike the aliens in the above-referenced cases, the BIA's reasoning is equally applicable here. Just as the BIA determined that aliens

who filed motions to reopen pre-*Dada* would be unfairly prejudiced by prospective application of the Rule due to a lack of knowledge of their unilateral right to withdraw voluntary departure, Patel, too, suffered prejudice due to a lack of knowledge regarding precisely what she was required to do in the wake of *Dada* to exercise her unilateral right. This court, like the Supreme Court in *Dada,* is "reluctant to assume that the voluntary departure statute was designed to remove th[e] important safeguard [of a motion to reopen] for the distinct class of deportable aliens most favored by the same law ... particularly ... when the plain text of the statute reveals no such limitation." *Id.* at 18, 128 S.Ct. 2307 (citations omitted).

Furthermore, as the Government conceded at oral argument, the facts of this case are sympathetic. Patel has no criminal background and her immediate family (save her husband) including her parents, five siblings and two children all reside lawfully in the United States. The BIA seems to have overlooked Patel's substantial equities evidenced by its failure to mention any of the individualized circumstances of this case in its short, one-paragraph opinion. Moreover, we note with concern that the BIA refers to Patel with a masculine pronoun on multiple occasions, suggesting it was not focused on Patel as a person and leading to the conclusion that its decision was "irrational" in that it was "[n]ot guided ... by a fair consideration of the facts." Black's Law Dictionary 906 (9th ed.2009).

The BIA's requirement of explicit withdrawal of voluntary departure finds no support in the statute, stands in conflict with the agency's then-proposed Rule and related decisions, and creates a disadvantaged category of favored aliens [7] who filed

---

**7.** In referring to aliens entitled to voluntary

departure as "favored," we follow the same

motions to reopen within the narrow seven-month period after *Dada* but before the Rule took effect. At the time Patel filed her motion, there was obvious confusion regarding what aliens should do to ensure they were not in violation of the voluntary departure period while at the same time preserve their right to file a motion to reopen to apply for adjustment or other relief. This is not the case of an alien sleeping on her rights, or that of someone filing multiple administrative motions to delay timely adjudication of her case. Patel has pursued her case with diligence and consistently expressed her desire to forgo the benefit of voluntary departure to remain in the United States and pursue an administrative motion.[8]

Based on the foregoing, we conclude that the BIA abused its discretion in denying Patel's motion to reopen to apply for adjustment of status on the basis that she failed to explicitly request withdrawal of voluntary departure. We express no opinion regarding the underlying merits of the motion to reopen. Therefore, we will remand this matter to the BIA to reconsider Patel's motion to reopen to apply for adjustment of status with instructions to treat the motion as an implicit request for withdrawal of voluntary departure.

## IV.

For the reasons set forth above, we will grant the petition for review, vacate the BIA's order of August 29, 2008, and remand the case for further proceedings consistent with this opinion.

---

characterization as used by the Supreme Court in *Dada* which stated, "We must be reluctant to assume that the voluntary departure statute was designed to remove this important safeguard [motion to reopen] for the distinct class of deportable aliens most favored by the same law." *Dada*, 554 U.S. at 18, 128 S.Ct. 2307.

8. This case is distinguishable from cases where the alien filed a motion to reopen during the seven-month window, but explicitly requested a stay of the voluntary departure period pending adjudication of the motion indicating that the alien had no intention to relinquish the voluntary departure agreement. *See Blackman v. Att'y Gen.*, 414 Fed.Appx. 415 (3d Cir.2011) (holding BIA did not err in determining request for stay of voluntary departure is not an implicit request for a withdrawal of voluntary departure); *see also Ramirez–Mena v. Holder*, 324 Fed.Appx. 434 (5th Cir.2009) (holding the BIA did not err in denying alien's motion to stay voluntary departure period pending determination on the motion to reopen); *Rojo–Resendiz v. Mukasey*, 297 Fed.Appx. 292 (5th Cir.2008) (same).