# Matter of Gabriel GAMERO Perez, Respondent

File A098 330 107 - Los Angeles, California

*Decided January 13, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Pursuant to 8 C.F.R. § 1240.26(c)(3) (2010), an Immigration Judge who grants an alien voluntary departure must advise the alien that proof of posting of a bond with the Department of Homeland Security must be submitted to the Board of Immigration Appeals within 30 days of filing an appeal and that the Board will not reinstate a period of voluntary departure in its final order unless the alien has timely submitted sufficient proof that the required bond has been posted.

(2) Where the Immigration Judge did not provide all the advisals that are required upon granting voluntary departure and the respondent failed to submit timely proof to the Board that a voluntary departure bond had been posted, the record was remanded for the Immigration Judge to grant a new period of voluntary departure and to provide the required advisals.

FOR RESPONDENT: Carlos A. Cruz, Esquire, Alhambra, California

BEFORE: Board Panel: ADKINS-BLANCH, WENDTLAND, and GUENDELSBERGER, Board Members.

WENDTLAND, Board Member:

In a decision dated March 16, 2009, an Immigration Judge denied the respondent's application for cancellation of removal under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2006),[1] but granted him voluntary departure pursuant to section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2006). The respondent has appealed from that decision. The appeal from the Immigration Judge's denial of cancellation of removal will be dismissed, but the record will be remanded for further proceedings regarding the grant of voluntary departure.

---

[1] Because the respondent's application for cancellation of removal was filed after May 11, 2005, his application is governed by the amendments to the Act brought about by the passage of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302. *See Matter of S-B-*, 24 I&N Dec. 42 (BIA 2006).

We review an Immigration Judge's findings of fact, including findings as to the credibility of testimony, to determine whether they are "clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i) (2010); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008). We review de novo questions of law, discretion, and judgment and all other issues in appeals from decisions of Immigration Judges. 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008).

## I. CANCELLATION OF REMOVAL

The Immigration Judge's findings of fact have not been shown to be clearly erroneous. Further, upon de novo review of the Immigration Judge's application of the pertinent legal standards, we agree that the respondent did not establish eligibility for cancellation of removal because he failed to show that his removal would result in exceptional and extremely unusual hardship to any of his qualifying relatives, namely, his three United States citizen children and his lawful permanent resident father.

For the reasons identified by the Immigration Judge, we agree that while the respondent's removal would result in some hardship to his children and father, the level of hardship established falls short of the "exceptional and extremely unusual" standard set forth in section 240A(b)(1)(D) of the Act. *Matter of Andazola*, 23 I&N Dec. 319 (BIA 2002); *Matter of Monreal*, 23 I&N Dec. 56 (BIA 2001); *cf. Matter of Recinas*, 23 I&N Dec. 467 (BIA 2002). The Immigration Judge properly reached this conclusion after considering the evidence of hardship to the respondent's family members. Regarding the children, the Immigration Judge considered their young ages and good health, their educational challenges and opportunities, their bilingual skills, and their family ties in Mexico. Regarding the respondent's father, the Immigration Judge considered his health condition and the facts that he is employed and does not rely on the respondent for financial or emotional support. In this case, we concur with the Immigration Judge's conclusion that when all the factors are considered in the aggregate, the respondent did not establish the requisite hardship to any of his qualifying family members.

## II. VOLUNTARY DEPARTURE

The Immigration Judge granted the respondent a 60-day voluntary departure period, conditioned on the posting of a $500 bond. *See* sections 240B(b)(2)–(3) of the Act. Effective January 20, 2009, the regulations on voluntary departure were revised to set forth new provisions relating to the posting of a bond and new notice and advisal requirements for Immigration Judges granting voluntary departure. *See* Voluntary Departure:

Effect of a Motion To Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,927 (Dec. 18, 2008).[2] Specifically, 8 C.F.R. § 1240.26(c)(3) (2010) now provides that an Immigration Judge may impose such conditions as are deemed necessary to ensure an alien's timely departure from the United States, and that the Immigration Judge must advise the alien of the conditions set forth in 8 C.F.R. §§ 1240.26(c)(3)(i)–(iii), as well as any other conditions that are not specifically required by the regulations.

The conditions set forth in 8 C.F.R. §§ 1240.26(c)(3)(i)–(iii) are as follows:

> (i) The alien shall be required to post a voluntary departure bond, in an amount necessary to ensure that the alien departs within the time specified, but in no case less than $500. Before granting voluntary departure, the immigration judge shall advise the alien of the specific amount of the bond to be set and the duty to post the bond with the [Immigration and Customs Enforcement] Field Office Director within 5 business days of the immigration judge's order granting voluntary departure.[3]
> (ii) An alien who has been granted voluntary departure shall, within 30 days of filing an appeal with the Board, submit sufficient proof of having posted the required voluntary departure bond. If the alien does not provide timely proof to the Board that the required voluntary departure bond has been posted with [the Department of Homeland Security], the Board will not reinstate the period of voluntary departure in its final order.
> (iii) Upon granting voluntary departure, the immigration judge shall advise the alien that if the alien files a post-order motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall terminate automatically and the alternate order of removal will take effect immediately.[4]

---

[2] In citing the revised regulations in this decision, we refer to the 2010 Code of Federal Regulations, in which all regulations in effect as of January 1, 2010, will be codified. Although they were not yet effective as of the January 1, 2009, update of the Code of Federal Regulations, the revised regulations are available in the 2009 volume of the Code as an effective date note. *See Matter of Velasco*, 25 I&N Dec. 143, 144 n.1 (BIA 2009).

[3] The prior version of the voluntary departure regulations also mandated that aliens granted that relief must post a bond of at least $500 within 5 business days, but they did not include an explicit requirement that Immigration Judges must advise aliens of bond conditions and duties before granting voluntary departure.

[4] The new voluntary departure regulations also contain requirements for Immigration Judges relating to warnings and advisals, in addition to the conditions set forth at 8 C.F.R. §§ 1240.26(c)(3)(i)–(iii). For example, upon advising an alien of the conditions listed in the regulations, as well as any others that might be imposed, the Immigration Judge must give the alien "the opportunity to accept the grant of voluntary departure or decline voluntary departure if he or she is unwilling to accept the amount of the bond or other conditions." 8 C.F.R. § 1240.26(c)(3). Further, 8 C.F.R. § 1240.26(j) provides (1) that the Immigration Judge must advise the alien of the precise amount of the civil penalty for failure to depart, pursuant to section 240B(d)(1)(A) of the Act, and (2) that a rebuttable presumption exists that the penalty will be set at $3,000 unless the Immigration Judge specifically orders

(continued...)

We note in particular that 8 C.F.R. § 1240.26(c)(3)(ii) imposes for the first time an affirmative requirement that any alien granted voluntary departure who files an administrative appeal from a removal order must timely submit sufficient proof to the Board that the required bond has been posted with the Department of Homeland Security ("DHS"). Moreover, for the first time the regulations prohibit the Board from reinstating voluntary departure on appeal if the required proof has not been provided. *Id.*[5] Concomitantly, and presumably because of the novel nature of the requirement to submit proof of posting as well as the harsh and profound ramifications for aliens who fail to comply, the regulations also require that Immigration Judges provide explicit advisals of both the required submission of proof and the consequences of noncompliance. 8 C.F.R. § 1240.26(c). The mandatory advisals thus appear to have been intended to serve as a critical complement to, and indeed a prerequisite for, the requirement to submit proof of posting itself.

The record before us does not indicate that the respondent submitted proof, timely or otherwise, that the voluntary departure bond was posted, but there is also no indication that the Immigration Judge provided all the required advisals. Most importantly for purposes of this opinion, the Immigration Judge apparently did not advise the respondent of his obligation under 8 C.F.R. § 1240.26(c)(3)(ii) to submit sufficient proof of having posted the required voluntary departure bond within 30 days of filing a Notice of Appeal with the Board. Nor does it appear that the Immigration Judge advised the respondent that the regulations preclude the Board from reinstating voluntary departure when the respondent has not provided the required proof of posting.

The respondent did not submit sufficient proof that the required bond was posted. Therefore, because of the prohibition set forth in the new regulation, we will not reinstate the voluntary departure period. Nevertheless, we will remand the record to the Immigration Judge to provide all of the required advisals.

Given the adverse consequences to an alien arising from his or her failure to submit the required proof of posting the bond, the importance of an Immigration Judge's compliance with the obligations to provide the

---

(...continued)

a higher or lower amount, within the permissible range allowed by law, at the time of granting voluntary departure. The new regulations also set forth certain advisals that the Board must provide if it reinstates an Immigration Judge's grant of voluntary departure on appeal. *See* 8 C.F.R. §§ 1240.26(e)(1), (i).

[5] Prior to the new regulations, our general practice was to presume that the required bond had been posted with the DHS unless we were specifically informed that the bond had *not* been posted.

regulatory bond advisals is apparent. In this regard, the supplemental information for the final rule specifically stated that the Department of Justice "agrees that timely notice to aliens regarding their rights, responsibilities, and the consequences associated with voluntary departure is an important issue." 73 Fed. Reg. at 76,933 (Supplementary Information). Because of the recognized importance of such notice, we conclude that a remand is the appropriate remedy when the mandatory advisals have not been provided by the Immigration Judge.

Accordingly, the record will be remanded to the Immigration Judge to grant a new period of voluntary departure and to provide all advisals that are required upon granting such relief, including, but not limited to, the obligation to timely post the specified bond with the Immigration and Customs Enforcement Field Office Director and the consequences of failing to timely submit sufficient proof of such posting to the Board if an appeal is filed.

**ORDER:** The respondent's appeal from the Immigration Judge's denial of cancellation of removal is dismissed.

**FURTHER ORDER:** With respect to the Immigration Judge's grant of voluntary departure, the record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.