# Matter of Daniel Edgar ZAMORA-MOLINA, Respondent

*Decided October 6, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Section 201(f)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1151(f)(2) (2006), governs whether an alien who is the beneficiary of a visa petition according him or her second-preference status as the child of a lawful permanent resident under section 203(a)(2)(A) of the Act, 8 U.S.C. § 1153(a)(2)(A) (2006), is an immediate relative upon the naturalization of the petitioning parent.

(2)  Pursuant to section 201(f)(2) of the Act, an alien's actual, not adjusted, age on the date of his or her parent's naturalization determines whether he or she is an immediate relative.

(3)  Section 204(k)(2) of the Act, 8 U.S.C. § 1154(k)(2) (2006), does not allow an alien to retain his or her 2A-preference status by opting out of automatic conversion to the first-preference category as a son or daughter of a United States citizen upon his or her parent's naturalization.

FOR RESPONDENT: Jessica A. DeVader, Esquire, Wichita, Kansas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Justin Howard, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and GREER, Board Members.

GREER, Board Member:

In this case, we address the question whether an alien who is older than 21 years of age on the date of his or her parent's naturalization can qualify as an immediate relative. We also consider whether an alien can retain preference status as the child of a lawful permanent resident upon the naturalization of his or her parent. In deciding these questions, we find that the respondent is not eligible to adjust his status and will dismiss his appeal from the Immigration Judge's October 20, 2009, decision. The record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was born on March 3, 1987. On July 7, 2000, he was inspected and admitted into the United States on a B-2 nonimmigrant visa with authorization to remain in the United States until January 5, 2001.

In August 2004, when the respondent was 17 years old, his mother filed a Petition for Alien Relative (Form I-130) on his behalf to accord him second-preference classification as the child of a lawful permanent resident under section 203(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2)(A) (2000) (2A-preference category). On March 22, 2007, the United States Citizenship and Immigration Services ("USCIS") approved the visa petition with an August 5, 2004, priority date. On July 24, 2009, when the respondent was 22 years old and before his priority date became current, his mother naturalized.

On January 23, 2008, the Department of Homeland Security ("DHS") charged the respondent with removability under section 237(a)(1)(B) of the Act, 8 U.S.C. § 1227(a)(1)(B) (2006), as an alien who remained in the United States longer than permitted. The respondent conceded the charge of removability at a hearing before the Immigration Judge on August 28, 2009. He then moved to terminate the proceedings, arguing that he was eligible to adjust his status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2006), as the child of a United States citizen.

Although he was over 21 years old, the respondent argued that pursuant to the provisions of the Child Status Protection Act, Pub. L. No. 107-208, 116 Stat. 927 (2002) ("CSPA"), he could retain his status as a "child" by applying the formula found at section 203(h)(1) of the Act to his age at the time of his mother's naturalization. The DHS opposed, arguing that under section 201(f)(2) of the Act, 8 U.S.C. § 1151(f)(2) (2006), an alien's biological age on the date of his or her parent's naturalization controls whether the alien is an immediate relative. According to the DHS, the respondent did not qualify as an immediate relative because he was 22 years old when his mother naturalized on July 24, 2009.

The Immigration Judge denied the respondent's motion on October 9, 2009, finding him ineligible to adjust as an immediate relative for the reasons set forth by the DHS. The Immigration Judge noted that the respondent was over 21 years of age when his mother naturalized, so he was accorded first-preference classification as an unmarried son of a United States citizen under section 203(a)(1) of the Act. However, a visa was not yet available

to him as an alien from Mexico in the first-preference category with an August 5, 2004, priority date. In a decision dated October 20, 2009, the Immigration Judge found the respondent removable on his own admissions but granted his application for voluntary departure. The respondent has appealed the Immigration Judge's finding that he is ineligible to adjust his status under 245(a) of the Act.

## II. ISSUES

The first issue is whether section 201(f)(2) of the Act precludes the respondent, who was over the age of 21 on the date of his mother's naturalization, from qualifying as an immediate relative. The second issue is whether section 204(k)(2) of the Act, 8 U.S.C. § 1154(k)(2) (2006), allows the respondent to retain his 2A-preference status after his mother naturalized.

## III. APPELLATE ARGUMENTS

The respondent argues that the outcome of the Immigration Judge's decision is fundamentally unfair and violates congressional intent because it resulted in his being placed in a less advantageous preference category upon his mother's naturalization. According to the respondent, if his mother had not naturalized, the CSPA would have allowed him to maintain his classification as an alien accorded 2A-preference status long enough beyond his 21st birthday for his priority date to become current. He claims that he should be permitted to "opt out" of automatic conversion to the first-preference category, which, for him, is a less beneficial preference category. Although aliens in the first-preference category have traditionally enjoyed shorter wait times for a visa to become available than aliens in other preference categories, that category is currently more oversubscribed than the 2A-preference category, particularly for certain countries. Before the Immigration Judge, the respondent also argued that he is eligible to adjust his status as an immediate relative, that is, as the child of a United States citizen, by applying the formula in section 203(h)(1) of the Act to his age on the date of his mother's naturalization.

## IV.  ANALYSIS

We agree with the Immigration Judge that the respondent is currently ineligible to adjust his status to that of a lawful permanent resident because an immigrant visa is not immediately available to him.

### A.  Visa Availability and Adjustment of Status
### Under Section 245(a) of the Act

To establish eligibility for adjustment of status under section 245(a) of the Act, an alien must demonstrate that he has been inspected and admitted or paroled into the United States; is eligible to receive an immigrant visa and has a visa immediately available to him; is not statutorily barred from adjustment; and is admissible to the United States or, if inadmissible, is eligible for a waiver of inadmissibility.  The burden is on the alien to establish eligibility for adjustment of status.  8 C.F.R. § 1240.8(d) (2011).

The respondent's statutory eligibility to adjust his status depends, in part, on whether he has a visa immediately available to him.[1]  "Immediate relatives," who are defined as the parents, spouses, and children of United States citizens, are not subject to the numerical limits on immigrant visas.  Section 201(b)(2)(A)(i) of the Act.  This means that visa availability is immediate once it has been established that an alien falls within the "immediate relative" definition.  By contrast, aliens in the preference categories under section 203(a) of the Act, including the children of lawful permanent residents, are subject to numerical limits on visas.  The Department of State tracks visa availability for these categories on a monthly basis through its Visa Bulletin.  A visa is immediately available when an alien's priority date is earlier than the date for the specified preference category shown in the current Visa Bulletin.  8 C.F.R. §§ 245.1(g)(1), 1245.1(g)(1) (2011).

The respondent is the beneficiary of a visa petition that was filed by his mother when he was under 21 years of age and she was a lawful permanent resident. Approval of the visa petition accorded him 2A-preference status with a priority date of August 5, 2004.  Before his priority date became current, the

---

[1] While the issue has not been raised below or by the parties on appeal, we note that the respondent has yet to demonstrate that he is not barred from relief by section 245(c)(2) of the Act.  However, because we conclude that the respondent does not have a visa available to him and is thus currently ineligible for relief on that basis, we need not address this issue.

respondent turned 21. Subsequently, his mother naturalized. His priority date as a Mexican alien in the 2A-preference category became current in April 2010. However, his priority date is several years from being current in every other preference category, including the first-preference category. The respondent has therefore argued that a visa is immediately available to him as either (1) an immediate relative, or (2) an alien with 2A-preference status.

### B. Immediate Relative Status and Section 201(f)(2) of the Act

The CSPA amended the Act to provide "age-out" protection to beneficiaries who were "children" at the time a visa petition was filed on their behalf, but who turned 21 before their petitions were ultimately processed.[2] *See Matter of Wang*, 25 I&N Dec. 28, 31 (BIA 2009). Section 2 of the CSPA, 116 Stat. at 927, which is codified at section 201(f) of the Act, provides that an alien's age is generally determined as of the date on which a visa petition to classify him as an immediate relative is filed. Thus, under section 201(f)(1), if the child of a United States citizen is under 21 when a visa petition is filed, he retains his classification as an immediate relative even after turning 21.

However, this provision is not applicable to the child of a lawful permanent resident who has filed a visa petition according the child 2A-preference status and who subsequently naturalizes. In that case, the determination of the child's age is governed by section 201(f)(2) of the Act, which states:

> In the case of a petition under section 204 initially filed for an alien child's classification as a family-sponsored immigrant under section 203(a)(2)(A), based on the child's parent being lawfully admitted for permanent residence, if the petition is later converted, due to the naturalization of the parent, to a petition to classify the alien as an immediate relative . . . *the determination [whether the alien qualifies as a "child"] shall be made using the age of the alien on the date of the parent's naturalization.*

(Emphasis added.) Thus, under section 201(f)(2) of the Act, the child's age on the date of his or her parent's naturalization is controlling for purposes of determining immediate relative status. Because the respondent

---

[2] The Act defines a "child" as an unmarried person under 21 years of age. Section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (2006).

was 22 years old on July 24, 2009, the date of his mother's naturalization, he is not a "child" of a United States citizen and is unable to adjust his status as an immediate relative.

In his motion to terminate before the Immigration Judge, the respondent argued that the CSPA allows him to subtract the number of days his visa petition was pending from his biological age on the date his mother naturalized, thereby qualifying him as a "child" for purposes of classification as an immediate relative under section 201(b)(2)(A)(i) of the Act.[3] Section 3 of the CSPA, 116 Stat. at 928, which is codified at section 203(h)(1) of the Act, allows aliens in the 2A-preference category and derivative beneficiaries to preserve their "child" status for a period beyond their 21st birthday by subtracting the period of time a visa petition was pending approval from their age on the date a visa number became available.[4] To take advantage of section 203(h)(1), an alien must seek to acquire lawful permanent resident status within 1 year of visa availability. Section 203(h)(1)(A) of the Act.

Section 203(h)(1) of the Act does not, however, apply to determinations of immediate relative status. By its terms, section 203(h)(1) is limited to calculating the adjusted age of aliens in the 2A-preference category and derivative beneficiaries. As discussed above, section 201(f) governs in determining whether an alien qualifies as an immediate relative, and that section neither refers to section 203(h)(1) nor contains a comparable formula for calculating an alien's adjusted age. Because the respondent was over the age of 21 on the date of his mother's naturalization, he is not an immediate relative under section 201(b)(2)(A)(i) of the Act. *See* section 201(f)(2) of the Act.

---

[3] The I-130 visa petition filed on behalf of the respondent was pending for over 900 days before approval.

[4] Section 203(h)(1) of the Act provides, in pertinent part, as follows:

> For purposes of [calculating the adjusted age of aliens in the 2A-preference category and derivative beneficiaries], a determination of whether an alien [qualifies as a "child"] shall be made using—
>> (A) the age of the alien on the date on which an immigrant visa number becomes available for such alien . . . , but only if the alien has sought to acquire the status of an alien lawfully admitted for permanent residence within one year of such availability; reduced by
>> (B) the number of days in the period during which the applicable petition . . . was pending.

C.  Automatic Conversion Pursuant to 8 C.F.R. § 204.2(i)(3)

Because the respondent does not qualify as an immediate relative, we must determine which preference category he falls into to ascertain when a visa will become available to him.  By regulation, a visa petition filed by a lawful permanent resident will automatically convert upon that petitioner's naturalization.  The applicable regulation provides in pertinent part:

> Effective upon the date of the naturalization of a petitioner . . . a currently valid petition according preference status under section 203(a)(2) of the Act to the petitioner's spouse and unmarried children under twenty-one years of age shall be regarded as having been approved for immediate relative status under section 201(b) of the Act.  Similarly, *a currently valid petition according preference status under 203(a)(2) of the Act for the unmarried son or daughter over twenty-one years of age shall be regarded as having been approved under section 203(a)(1) of the Act*.

8 C.F.R. § 204.2(i)(3) (2011) (emphasis added).

The respondent's mother filed a visa petition on his behalf according him preference status under section 203(a)(2) of the Act.  Before the priority date for this petition became current, the respondent turned 21, and his mother subsequently naturalized.  Pursuant to 8 C.F.R § 204.2(i)(3), when his mother naturalized on July 24, 2009, the respondent's preference status automatically converted to the first-preference category.

As a first-preference alien from Mexico, the respondent does not have a visa number immediately available to him.  Currently, visa numbers are available for first-preference aliens from Mexico with priority dates of March 22, 1993, or earlier.  Bureau of Consular Affairs, U.S. Dep't of State, Visa Bulletin, Vol. IX, No. 37 (Oct. 2011), http://travel.state.gov/visa/bulletin/bulletin_1360.html   [hereinafter Visa Bulletin].  The respondent's priority date is August 5, 2004.

D.  Retaining Preference Status Under
Section 203(a)(2)(A) of the Act

Traditionally, the first-preference category has been more "current" than the 2A-preference category, meaning that visa numbers have been available more quickly for intending immigrants in the first-preference category than for those in the 2A-preference category with the same priority date.  Currently, however, the first-preference category is more oversubscribed than the 2A-preference category, particularly for aliens from Mexico and the

Philippines. Accordingly, rather than automatically converting to the first-preference category, the respondent wishes to retain his 2A-preference status.

Prior to his mother's naturalization, the respondent may have been able to retain his preference classification under section 203(a)(2)(A) of the Act for a period beyond his 21st birthday by applying the formula in section 203(h)(1) of the Act.[5] However, his priority date as an alien in the 2A-preference category did not become current until April 2010, after his mother had naturalized and the petition had automatically converted to one approved for first-preference classification pursuant to 8 C.F.R. § 204.2(i)(3).

The respondent argues that he should be permitted to "opt out" of automatic conversion from the 2A-preference category to the first-preference category upon his mother's naturalization. While section 6 of the CSPA, 116 Stat. at 929, which is codified at section 204(k) of the Act, allows aliens to "opt out" of certain automatic conversion provisions, it does not permit the respondent to retain his 2A-preference status once his mother naturalized. Section 204(k)(1) of the Act provides that in the case of a petition "initially filed for an alien unmarried son or daughter's classification as a family-sponsored immigrant under section 203(a)(2)(B) [2B-preference category]," if the lawful permanent resident parent subsequently naturalizes, the petition will be converted to a first-preference category petition. There is an exception to this, however. Section 204(k)(2) of the Act allows an alien to affirmatively opt out of automatic conversion from the 2B-preference category to the first-preference category by filing "with the Attorney General a written statement that he or she elects not to have such conversion occur (or if it has occurred, to have such conversion revoked)." In other words, an alien wishing to remain in the *2B-preference category* may "opt out" of the automatic conversion by filing a written statement electing not to convert to the first-preference category.

In a 2006 memorandum, the USCIS clarified that section 204(k)(2) of the Act also applies to an alien for whom a visa petition was initially filed to accord him or her 2A-preference status, but who turned 21 and whose

---

[5] This section would have allowed the respondent to subtract approximately 900 days—the amount of time his visa petition was pending—from his actual age at the time of visa availability. The respondent's priority date became current in the 2A-preference category in April 2010, when he was 23 years old. Applying the formula in section 203(h)(1) of the Act to determine the respondent's adjusted age at the time a visa became available to him, we note that he would be deemed to be 20 years old.

petition was automatically converted to one for 2B-preference classification prior to the petitioner's naturalization. *See* Memorandum from Michael Aytes, Assoc. Dir. of Domestic Operations, to USCIS officials (June 14, 2006), http://www.uscis.gov/USCIS/Laws/Memoranda/Static_Files_Memoranda/Archives%201998-2008/2006/cspa6andv061406.pdf (clarifying the aging out provisions as they affect preference relatives and immediate family members under the Child Status Protection Act).

Thus, at the time of his mother's naturalization, the respondent could have "opted out" of having his visa petition automatically convert from one for 2B-preference classification to one for first-preference classification. This would not, however, make a visa immediately available to the respondent. Currently, visa numbers are only available for aliens from Mexico in the 2B-preference category with priority dates of November 22, 1992, or earlier. *See* Visa Bulletin, *supra*.

Neither section 204(k)(2) of the Act nor the USCIS memorandum allows an alien to elect to remain in the *2A-preference category* upon the petitioner's naturalization where the alien is biologically over the age of 21 but would remain legally a "child" by applying the formula in section 203(h)(1) of the Act. In enacting section 204(k)(2), Congress was attempting to "fix[ ] a troubling anomaly in our immigration laws" whereby certain immigrants were "in effect . . . penalized for becoming citizens." 148 Cong. Rec. H4989-01 (daily ed. July 22, 2002) (statement of Rep. Sensenbrenner), 2002 WL 1610632, at *H4991. Specifically, it recognized that, for aliens from certain countries in which the first-preference category was more oversubscribed than the 2B-preference category, automatic conversion was an adverse consequence rather than a benefit, and it remedied this problem by allowing aliens to affirmatively elect to remain in the 2B-preference category. *Id.* However, the CSPA did not resolve a similar "anomaly" that arises in situations, such as the respondent's, where a beneficiary is biologically over 21 years of age but may legally retain his or her 2A-preference status for a short period pursuant to section 203(h)(1), and the petitioner naturalizes before the beneficiary's priority date becomes current.

The respondent does not argue that the Immigration Judge misapplied the current law but rather asserts that the current law is fundamentally unfair as applied to him, because his mother's decision to naturalize may have impeded his ability to immigrate. He contends that had his mother not naturalized and had the Immigration Judge applied the formula in section 203(h)(1) of the Act to his case, his priority date would now be current and a visa would be available to him as an alien with 2A-preference

classification under section 203(a)(2)(A) of the Act. Instead, the conversion to a first-preference category resulted in a longer wait time for a visa number to become available. However, we are without authority to rule on the constitutionality of laws enacted by Congress, and we therefore decline to address this argument. *See Matter of Fuentes-Campos*, 21 I&N Dec. 905, 912 (BIA 1997).

## V. CONCLUSION

We agree with the Immigration Judge that a visa is not immediately available to the respondent. Section 201(f)(2) of the Act makes clear that an alien beneficiary's biological age on the date of the petitioner's naturalization controls when determining whether a beneficiary is an immediate relative. Because the respondent was 22 years old on the date of his mother's naturalization, he does not qualify as an immediate relative. Pursuant to 8 C.F.R. § 204.2(i)(3), the petition according him 2A-preference status under section 203(a)(2) automatically converted to one for first-preference status when his mother naturalized. His priority date as a first-preference alien from Mexico is a number of years from being current. While an alien may opt out of conversion from the 2B-preference category to the first-preference category, there is no analogous provision allowing an alien to retain his or her status as a 2A-preference category alien, the only preference category for which a visa is immediately available to the respondent. Accordingly, since the respondent is not eligible to adjust his status at this time, his appeal will be dismissed.

The Immigration Judge granted the respondent the alternate relief of voluntary departure for a period of 60 days. The Immigration Judge did not, however, condition the grant of voluntary departure on the posting of a bond, as required by section 240B(b)(3) of the Act, 8 U.S.C. § 1229c(b)(3) (2006). Therefore, the record will be remanded to the Immigration Judge for the purpose of granting a new period of voluntary departure, conditioned on the posting of a bond, and providing the required advisals. *See* 8 C.F.R. § 1240.26(c)(3) (2011); *see also Matter of Gamero*, 25 I&N Dec. 164 (BIA 2010).

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.