**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1120
_____

JUSTO PASTOR PANIAGUA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-703-899)
Immigration Judge:  Honorable Rosalind K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 4, 2012

Before: AMBRO, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 8, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner, Justo Pastor Paniagua, seeks review of the Board of Immigration

Appeals' (BIA or Board) order denying his motion to remand and dismissing his appeal

from the Immigration Judge's (IJ) decision granting him voluntary departure. For the reasons that follow, we will deny the petition for review.

Paniagua is a citizen of Nicaragua who entered the United States unlawfully in 2001. In 2007, the Department of Homeland Security (DHS) charged him with removal under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Paniagua conceded that he was removable as charged, but sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He claimed that he would be persecuted if forced to return to Nicaragua because, in the 1980s, he fought for the resistance against the Sandinistas, who are now back in power. On January 29, 2009, following a hearing, the Immigration Judge (IJ) denied all three of Paniagua's applications for relief, but granted him sixty days within which to voluntarily depart. Upon review, the BIA dismissed the appeal on the merits, but remanded the matter to the IJ to issue the requisite "advisals" regarding the voluntary departure order. See Matter of Gamero, 25 I. & N. Dec. 164, 167-68 (BIA 2010).

When the parties reappeared before the IJ on the voluntary departure issue, Paniagua sought to present new evidence relating to his prior applications for relief. Specifically, Paniagua claimed that his daughter had recently been attacked in Nicaragua in retaliation for his previous anti-Sandinista political activity. The IJ continued proceedings to allow counsel to file a written motion to reopen setting forth this new evidence. Counsel subsequently attempted to file such motion, but it appears that the motion did not make its way to the IJ's file; counsel explained that he had initially filed it

under an incorrect alien registration number, but insisted that the error was subsequently corrected. Nonetheless, when Paniagua appeared in Immigration Court on October 19, 2010, the IJ did not have the motion. As a result, the IJ declined to reconsider or reopen the case without any new evidence before her, and thus limited the hearing to the voluntary departure issue. The IJ noted that, if Paniagua wished to proceed with his motion to reopen, he could submit it to the BIA on appeal. On December 9, 2010, the IJ issued a new order granting voluntary departure.

Paniagua appealed to the BIA, arguing that the IJ had erred by declining to consider his motion to reopen. He also moved the Board to remand the matter for consideration of his new evidence.[1] By order entered December 20, 2011, the BIA dismissed the appeal, finding no error in the IJ's refusal to adjudicate a motion that was not in her file.[2] The BIA also denied Paniagua's motion to remand on the ground that he had failed to meet his burden of demonstrating prima facie eligibility for asylum, withholding of removal, or protection under the CAT. This counseled petition for review followed.[3]

---

[1] Paniagua's motion was styled as a motion to reopen, but, because the proceedings were not closed, the BIA properly construed it as a motion to remand. The substantive requirements for the two types of motions are essentially identical. See generally Matter of Coelho, 20 I. & N. Dec. 464, 471-73 (BIA 1992).

[2] The BIA alternatively found that, even if the IJ had erred in this respect, the error was harmless in light of its denial of the motion to remand.

[3] We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252.

3

Paniagua's primary argument on appeal is that the BIA erred in affirming the IJ's refusal to consider his motion to reopen at the hearing of October 19, 2010.[4] Paniagua claims that he properly filed the motion, and essentially argues that he should not have been penalized for the fact that—through no fault of his own—it was missing from the IJ's file on the day of the hearing. Paniagua further claims that the motion contained "credible, reliable, and verified information" that he will be persecuted if forced to return to Nicaragua. (Pet'r's Br. 7.)

We see no error in the BIA's decision. As the BIA noted, the IJ reasonably declined to adjudicate the motion on the ground that it was not in her file, particularly given that the motion was filed under the wrong alien registration number. Furthermore, as the BIA also noted, Paniagua's counsel did not seek a continuance to re-file the motion, but instead followed the IJ's suggestion that he submit his new evidence along with his appeal to the Board.

For these reasons, we will deny the petition for review.

_____

[4] As the government points out, Paniagua does not meaningfully challenge the Board's denial of his motion to remand on the ground that his new evidence did not establish a prima facie case for asylum, withholding of removal, or CAT protection. Accordingly, this argument has been waived. See United States v. Pelullo, 399 F.3d 197, 201 n.2 (3d Cir. 2005) (citing Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000)). In any event, we have reviewed the record and agree with the BIA that the evidence did not demonstrate a reasonable likelihood that he would be persecuted on account of a protected statutory ground, and was not material to his eligibility for CAT relief.