**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GERSON REYNOSO HERRERA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 21-9596
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

The Board of Immigration Appeals (Board or BIA) adopted and affirmed an

Immigration Judge's (IJ) order denying Gerson Reynoso Herrera's application for

cancellation of removal.  Mr. Herrera has filed a petition for review.  We dismiss the

petition in part for lack of jurisdiction and, to the extent we have jurisdiction under

8 U.S.C. § 1252(a), deny the remainder of the petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Mr. Herrera is a native and citizen of Mexico who entered the United States without admission or inspection in 1998 or 2000.  In 2008, the Department of Homeland Security served him a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled.  Mr. Herrera conceded removability as charged and initially applied for an adjustment of status based on his marriage to a U.S. citizen.  He later abandoned that application after learning there was a bar to adjustment—Mr. Herrera had reentered the United States in late 2004 or early 2005 falsely claiming to be a U.S. citizen by presenting a United States birth certificate belonging to someone else.  Mr. Herrera instead applied for cancellation of removal.  After a hearing, the IJ denied cancellation, finding Mr. Herrera failed to demonstrate his removal would cause exceptional and extremely unusual hardship to his U.S.-citizen wife, *see* 8 U.S.C. § 1229b(b)(1)(D) (requiring a cancellation applicant to establish, among other things, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence").

Mr. Herrera appealed that decision to the Board, arguing the IJ failed to consider the effect his wife's age and her long residency in the United States had on her chances for employment in Mexico and the risk of returning to her hometown there.  He also argued the IJ failed to aggregate the factors relevant to the hardship determination and failed to properly acknowledge which factors the IJ considered

2

other than an economic analysis.  The Board adopted and affirmed the IJ's decision.

Mr. Herrera now seeks review in this court.

## II.  Discussion

### A.    The BIA did not apply the wrong standard of review

Mr. Herrera first argues the Board applied the wrong standard of review when

it determined his "disagreement with the ultimate manner in which the [IJ] weighed

those claims and evidence [of age discrimination, crime, and financial hardship] is

not sufficient to establish error in the [IJ's] decision," R., Vol. 1 at 3.  Mr. Herrera

asserts the reference to "error" indicates the Board reviewed the IJ's decision only for

clear error, a standard that applies to factual determinations.  He claims that because

the underlying facts were not in dispute, a de novo standard of review applied to the

issue on appeal—whether the IJ erred in weighing the facts relevant to the hardship

determination.  *See* 8 C.F.R. § 1003.1(d)(3)(i)-(ii) (Board reviews an IJ's factual

findings for clear error and "questions of law, discretion, and judgment and all other

issues . . . de novo"); *In re Gamero Perez*, 25 I. & N. Dec. 164, 165 (B.I.A. 2010)

(applying de novo review to determination of hardship for cancellation purposes).

Cancellation is a form of relief from removal under 8 U.S.C. § 1229b.  By

statute, "no court shall have jurisdiction to review . . . any judgment regarding the

granting of relief under section . . . 1229b," 8 U.S.C. § 1252(a)(2)(B)(i), except for

"constitutional claims" and "questions of law," § 1252(a)(2)(D).  Whether the Board

applied an incorrect standard of review to the denial of cancellation is a question of

law over which we have jurisdiction.  *See Galeano-Romero v. Barr*, 968 F.3d 1176,

1184 (10th Cir. 2020) ("[W]e have jurisdiction over a claim that the Board applied the incorrect standard of review to an IJ's factual determinations" concerning cancellation.).

We review questions of law de novo. *Martinez-Perez v. Barr*, 947 F.3d 1273, 1277 (10th Cir. 2020). So doing, we disagree with Mr. Herrera's reading of the Board's decision. The Board adopted and affirmed the IJ's decision pursuant to *In re Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994). *In re Burbano* provides that even though the Board must review an IJ's discretionary determination using its "own independent judgment," *id.* at 873, that "independent review authority does not preclude the Board from adopting or affirming a decision of the immigration judge, in whole or in part, when [the Board is] in agreement with the reasoning and result of that decision," *id.* at 874. In that circumstance, "the Board's final decision may be rendered in a summary fashion." *Id.* That "does not mean," however, the Board has "conducted an abbreviated review of the record" or "failed to exercise [its] own discretion." *Id.* "Rather, it is simply a statement that the Board's conclusions upon review of the record coincide with those which the immigration judge articulated in his or her decision." *Id.*

Viewed through the lens of *In re Burbano*, and in light of the Board's acknowledgment of the different standards of review set out in 8 C.F.R. § 1003.1(d)(3)(i) and (ii), *see* R., Vol. I at 3, we decline to read the Board's summarization of its agreement with the IJ's decision and its statement that Mr. Herrera's arguments were insufficient "to establish error in the [IJ's] decision,"

4

*id.*, as a failure to fulfill its obligation to review the hardship determination de novo. *See Batalova v. Ashcroft*, 355 F.3d 1246, 1252 (10th Cir. 2004) ("Absent any indication to the contrary, we presume BIA members do their job thoroughly."). We therefore reject Mr. Herrera's argument.

### B.    Mr. Herrera failed to exhaust his *In re Gonzalez Recinas* argument

Mr. Herrera next contends the IJ and the Board departed from the agency's hardship standard by not considering that his false claim to U.S. citizenship permanently bars him from getting an immigrant visa to return to the United States after removal.[1]  He bases this argument on *In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002).  In that case, the Board emphasized the importance of considering how long a noncitizen would be prevented from returning to the United States when evaluating the hardship to a qualifying relative.  *See id.* at 472.

"[W]e have jurisdiction to review a claim that the Board departed from its own adopted hardship standard, by ignoring it or favoring some other inapplicable standard." *Galeano-Romero*, 968 F.3d at 1184.  However, Mr. Herrera never advanced his *In re Gonzalez Recinas* argument before either the IJ or the BIA.  And although the IJ cited *In re Gonzalez Recinas*, she did so only for a reason related to those arguments Mr. Herrera did advance—that "hardship is 'significant,' where a parent is solely responsible for his children's care and his removal would result in a

---

[1] The relevant statutory provision states:  "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any other Federal or State law is inadmissible."  8 U.S.C. § 1182(a)(6)(C)(ii)(I).

serious financial detriment to his children," R., Vol. 1 at 43.  Mr. Herrera claims this general reliance on *In re Gonzalez Recinas* means the IJ and BIA should have addressed sua sponte the temporal element he now presses.  But he cites no authority for this proposition, and we disagree with it.  We instead adhere to our general exhaustion jurisprudence and conclude that because Mr. Herrera failed to exhaust this argument, we lack jurisdiction to consider it.  *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"); *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("To satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court.").

## C.    We lack jurisdiction to review the hardship determination

Finally, Mr. Herrera asks us to undertake de novo review of whether he established that his removal to Mexico would result in exceptional and extremely unusual hardship to his wife, giving particular consideration to the temporal element under *In re Gonzalez Recinas*.  However, this court construes § 1252(a)(2)(B)(i)'s limitation on judicial review "as denying jurisdiction to review the discretionary aspects of a decision concerning cancellation of removal under § 1229b(b)(1)." *Galeano-Romero*, 968 F.3d at 1181 (internal quotation marks omitted).  And "[s]uch discretionary aspects include . . . the determination of whether the petitioner's removal from the United States would result in exceptional and extremely unusual

hardship to a qualifying relative under . . . § 1229b(b)(1)(D)." *Id.* (internal quotation marks omitted).

Mr. Herrera concedes that *Galeano-Romano* precludes success on his request for de novo review of the hardship determination. But he nevertheless asks us to consider overruling *Galeano-Romero* in light of several other circuit decisions[2] that have since viewed the hardship determination as a mixed question of fact and law reviewable under § 1252(a)(2)(D)'s "questions of law" exception to § 1252(a)(2)(B)'s jurisdictional bar.[3] Those circuit courts reach that conclusion based on the holding of *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020), that "the phrase 'questions of law' in [§ 1252(a)(2)(D)] includes the application of a legal standard to undisputed or established facts."

However, in *Galeano-Romano*, we considered the effect of *Guerrero-Lasprilla* on our prior case law and reaffirmed our precedent that "the determination of whether the requisite hardship exists is discretionary because 'there is no algorithm for determining when a hardship is "exceptional and extremely unusual."'" 968 F.3d at 1183 (brackets omitted) (quoting *Morales Ventura v. Ashcroft*, 348 F.3d 1259,

---

[2] The other circuit decisions Mr. Herrera relies on are *Gonzalez Galvan v. Garland*, 6 F.4th 552, 560 (4th Cir. 2021); *Trejo v. Garland*, 3 F.4th 760, 773 (5th Cir. 2021), *abrogated on other grounds by Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022), *as stated in Ruiz-Perez v. Garland*, 49 F.4th 972, at 977 (5th Cir. 2022); and *Singh v. Rosen*, 984 F.3d 1142, 1150 (6th Cir. 2021). The Third Circuit agrees with *Galeano-Romano*. *See Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020).

[3] We note Mr. Herrera's statement that he raises this issue to preserve it for a possible petition for rehearing en banc.

1262 (10th Cir. 2003)).  We concluded that "the Board's discretionary determinations [regarding whether the requisite hardship exists] . . . do not raise 'questions of law' for purposes of § 1252(a)(2)(D), even if framed as a challenge to the application of a legal standard to established facts under *Guerrero-Lasprilla*."  *Id.* at 1184.  And we held that "[w]e lack jurisdiction to review the Board's discretionary decision, based on the facts of the case, whether an alien's spouse will suffer an exceptional and extremely unusual hardship."  *Id.* at 1182–83.

"[I]t is well established that one panel cannot overrule the judgment of another panel of this court absent en banc reconsideration or a superseding contrary decision by the Supreme Court."  *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1229 (10th Cir. 2001) (ellipsis and internal quotation marks omitted).  Neither of these conditions is present.  We therefore cannot overrule *Galeano-Romero* and review the hardship determination.

### III.  Conclusion

The petition for review is dismissed in part for lack of jurisdiction and otherwise denied.

Entered for the Court


Joel M. Carson III
Circuit Judge

8